## A. R. Shue and A. D. Webb v. Lina Ingle.

1. REPLEVIN—*Burden of Proof.*—The burden of proof is upon the defendant in replevin, who pleads that he took the property as an officer under an execution, to support the execution by proof of a valid judgment existing at the time the execution issued.

2. LIENS—*Of Stable-keeper— What is Not a Waiver.*—The keeper of a stable left her son in charge, when an officer came with an execution to levy upon some property which had been left at the stable for feeding and care. The son, who was attending to the business of the stable, informed the officer that he had a better claim upon the property, and declined to surrender it. The officer returned to the stable later, and in the absence of the keeper or her son, and without their knowledge or consent, seized and took away the property (a horse, buggy and harness). *Held,* that the keeper of the stable had not waived her lien upon the property.

Replevin.—Error to the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

GEORGE K. INGHAM, attorney for plaintiffs in error.

HERRICK & HERRICK, attorneys for defendant in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was an action of replevin against appellants for horse, buggy and harness. A jury was waived, and the trial resulted in a finding and judgment for the defendant in error, to reverse which this writ of error is prosecuted.

Defendant in error was the keeper of a livery and feed stable at Farmer City, and had the possession of the property for feeding and care as the property of H. C. Littlejohn. Plaintiffs in error, sheriff and deputy, had execution in favor of Arbogust against Littlejohn, and sought to levy the same upon the property, when the son of the defendant in error, who was attending to the business of the stable, informed the sheriff that he had a better claim upon the property, and declined to surrender it, although there is controversy as to what he did say or the nature of the claim asserted, it being contended by plaintiffs in error that he asserted ownership and thereby waived the right of defendant in error to a lien as stable keeper. Plaintiff in error later returned to the stable and in the absence of defendant in error, and of her son, and without their knowledge or consent, seized and took the property away. Soon after this defendant in error, in writing, demanded the return of the property to her, stating the nature and amount of her claim and lien, which is not disputed, and on refusal to surrender, she paid Rittenhouse, the care taker of the sheriff, $3.50, that being his charges, and then caused the same to be seized upon the writ of replevin issued herein. On the trial it appeared no judgment had been entered in the case of Arbogust v. Littlejohn, in which the execution had been issued, although during a trial a judgment was ordered *nunc pro tunc* as of the previous term.

We do not think from aught that appears in evidence, that the defendant in error waived her claim and lien against the property. It will not be presumed in the absence of proof, the son, who was in charge of the stable, possessed special authority to waive the rights of the principal. The evidence proves no more than that he was attending to the

ordinary duties appertaining to the business, and it is unreasonable to infer that he was authorized to give away the property or to surrender valuable rights without consideration. Besides, the most that can be justly concluded from the evidence is that the son was insisting upon a claim or right to the property, and while the specific nature of the claim was not then disclosed, it was later done by the principal herself. Moreover, the nature of the business in which defendant was engaged, which was open to observation, and the possession by her of the property, was sufficient notice to put plaintiffs in error upon inquiry of the defendant herself, whose rights were to be affected by the levy of the execution before they deprived her of its possession, and not having afforded her such opportunity to make the nature and amount of her lien known to them before they seized and carried the property away, they are in no position to insist, as they now do, that such lien was waived.

The claim to the property being by a person not a party to the suit in which the execution issued, it was for plaintiffs in error to support the execution by proof of a valid judgment existing at the time the execution issued. Johnson v. Holloway, 82 Ill. 334. The evidence shows there was no judgment at that time, therefore the execution conferred no authority upon plaintiffs in error to deprive defendant in error of the possession of the property. Knights v. Martin, 155 Ill. 486, and cases cited.

Finding no error in the record and proceedings of the Circuit Court, its judgment will be affirmed.