## WILLIAMS v. FOREMAN.

No. 8036—Opinion Filed July 10, 1917.

(166 Pac. 700.)

### Replevin—Action—Defenses.

Where, in a replevin action against a public officer to recover possession of property, held by him as such, an attempt is made by him to justify his possession thereof by virtue of levies made under execution in his hands, he must show that said executions were issued by competent authority, upon valid and unsatisfied judgments, and in the event he fails so to do, his possession is not justified, and no defense to the action is established by the evidence.

(Syllabus by Hooker, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by E. S. Williams against T. W. Foreman. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

George Paschal, for plaintiff in error.

J. I. Coursey, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error instituted this action in replevin to recover the possession of a stock of merchandise which he had a few months prior thereto purchased from one Calvin Martin. Martin in making the sale of said merchandise to Williams did not comply with the bulk sale law of the state, and certain creditors of Martin instituted suits against him and caused executions to issue and to be placed in the hands of the defendant, T. W. Foreman, as a constable, who levied the same upon the stock of goods then in the possession of the plaintiff in error, upon the theory that the sale of the same by Martin to Williams was void as to the creditors of Martin. The defendant in error, upon the trial of this cause, attempted to justify the possession of the goods in his hands by virtue of certain executions which were introduced in evidence and upon which he relied as the reason for the detention by him of the articles replevied. The defendant in error was successful in the lower court, and the plaintiff in error has appealed here, and insists that this cause should be reversed for the reason that the verdict of the jury and the judgment of the lower court are contrary to the evidence. At the conclusion of the evidence introduced in the lower court the plaintiff in error requested the court to instruct the jury to find for the plaintiff in error, which was refused and an exception properly saved. The defendant in error in the trial below contented himself with introducing the executions, but did not introduce the court records showing the rendition of the judgments upon which the executions were issued.

The court in the early case of Cockrell et al. v. Schmitt, 20 Okla. 213, 94 Pac. 523, 129 Am. St. Rep. 737, says:

"Now, it is evident that, in order to justify under this writ, the burden of proof is upon the defendant to support the execution by proof of a valid judgment existing at the time the execution issued (Shue et al. v. Ingle, 87 Ill. App. 522; Annis v. Bell, 10 Okla. 647, 64 Pac. 11), and this he must do before he can attack the chattel mortgage in evidence as a fraud upon creditors, which defendants attempted to do in this case. Wells on Replevin, p. 285, says: 'Where property seized on execution is replevined from the officer and he wishes an order for return, he must not only plead the execution and a judgment, but a valid execution and judgment must also be given in evidence to support the plea.' Glascock v. Nave, 15 Ind. 458; Beach v. Botsford, 1 Doug. (Mich.) 199, 40 Am. Dec. 45; Clay v. Caperton, 1 T. B. Mon. (Ky.) 10, 15 Am. Dec. 77; Sandeford v. Hess, 2 Head (Tenn.) 680. Same, p. 284, says: 'An officer seeking to impeach the plaintiff's title as fraudulent as to creditors must show a valid judgment, * * *' and cases cited.

"Was the evidence offered to prove the judgment admissible? Wilson's Rev. & Ann. St. Okla. 1903, § 4603, provides: 'All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in (the) action.' It is clear that under this above provision it was the duty of the probate judge or his clerk to have entered the judgment in that case upon the journal of the court. It seems that they did not do so, as the only evidence offered to prove it was the appearance docket and the journal entry aforesaid and the question presented to us upon this alleged error is whether said judgment, having been rendered in said court and not entered upon its records, can be proved by the character of evidence offered as above. We must answer the question in the negative. A judgment rendered by the court, although not entered as required by law, is valid as between the parties, but the record entry of the judgment itself must be introduced in evidence when made the basis of a claim in another action. Black on Judgments, p. 115, says: 'And again, the record entry of a judgment is indispensable to furnish the evidence of it when it is made the basis of a claim or defense in another court.' 1 Greenleaf on Evidence, par. 508, says: 'And the record itself must be finally completed before the copy is admissible in evidence. The minutes from which the judgment is made up, and even a judgment in paper, signed by the

master, are not proper evidence of the record.'"

The rule announced in the above case seems to be well supported.

34 Cyc. 1480, is as follows:

"While there is some conflict of authority as to whether in an action against a public officer justification under execution, attachment, or other process must be specially pleaded or may be shown under the general issue, if such a plea is filed it must, in order to be sufficient, set forth facts which if proved, will constitute a good defense to the action. Where the property is taken upon execution the answer must allege the rendition of a judgment against the execution defendant, and that the execution was issued thereon, and was in full force and unsatisfied at the time of the levy, and that the property was taken in pursuance of its authority."

And at page 1494 thereof it is said:

"An officer who, either as a plaintiff seeking to recover the possession of property from a third person, or as a defendant attempting to justify his possession, bases his right to possession on an execution or other process issued in the enforcement of a judgment must prove that at the time of the seizure he was an officer, that the process was not only regular on its face, but that it was issued by competent authority, and it was issued upon a valid and unsatisfied judgment, and that the property seized is the property of the execution debtor. Where he bases his right upon a seizure under a writ of attachment. he must prove, not only the existence of the writ, but also that the attachment defendant was indebted to the attachment plaintiff, and that all the jurisdictional steps were taken before the writ issued."

In the trial of this case below the defendant in error did not introduce any evidence establishing the rendition of the judgment in these cases upon which the executions held by him were issued. The defendant in error was not entitled to the possession of these goods unless by virtue of the executions which he held as a public officer, and under the authorities above cited it was incumbent upon him to establish that said executions were issued upon valid and unsatisfied judgments. This he did not do.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.