KOLB et al. v. BALL et al.

No. 12783—Opinion Filed Feb. 19, 1924.

(Syllabus.)

1. **Wills—Devise of Restricted Allotment—Determination of Validity.**

The judgment of a county court admitting a will of a full-blood Indian to probate is not an adjudication of the validity of the will as a conveyance of the restricted allotment of such Indian, where the same has not been acknowledged and approved in accordance with the requirements of section 23 of the act of Congress of April 26, 1906, and the validity of a devise of such restricted lands may be determined in an action brought in the district court by heirs of the deceased.

2. **Indians—Invalidity of Executor's Sale of Restricted Allotment.**

Under section 4 of the act of Congress May 7, 1908, allotted lands cannot be subject to or held liable for any form of personal claims or demands against the allottee arising or existing prior to removal of restrictions, and such allotted lands upon which restrictions have not been removed at the time of the death of the allottee are not assets of the deceased allottee's estate, and are not subject to sale by the administrator to pay the debts of the estate. A sale made by an executor of such allotted lands which by reason of such provisions of the act of Congress cannot be made available for or appropriated to the payment of debts of a deceased is void.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by Myrtle Kolb, nee Greenwood, by her next friend, Jake Kolb, et al. against E. J. Ball et al. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with directions.

C. F. Green and W. L. Lawrence, for plaintiffs in error.

C. Hardy, J. T. Stebaugh, and E. J. Sutherland, for defendants in error.

COCHRAN, J. This action was instituted by plaintiffs in error as heirs of Nellie Greenwood, to recover certain lands which had been allotted to Nellie Greenwood, a full-blood Chickasaw Indian, during her lifetime. Defendants in error claim title through an executor's sale made through the probate court of Johnston county. Nellie Greenwood executed a will on April 25, 1908, devising all of her property to E. J. Ball, and directed that all her debts and funeral expenses be paid and certain specific money bequests be paid to her five children and the remainder be transferred to E. J. Ball. This will was not approved as provided by section 25 of the act of April 26, 1906, and therefore did not operate as a valid conveyance of the allotted lands belonging to Nellie Greenwood. After the death of the allottee, E, J. Ball filed a petition to have the will probated, and thereafter an order was entered by the county court admitting the will to probate, after which the executor filed a petition to sell the land in controversy to pay the debts of the deceased and the expenses of the administration. A sale was made, and the executor executed a deed to the land, and it is under this deed that defendants in error claim title.

It is contended by the defendants in error that, although the will was not executed in accordance with the provisions of the act of Congress, and was therefore invalid, the county court of Johnston county in entering its judgment admitting the will to probate adjudicated the validity of the will, and no appeal having been taken from this judgment, its validity cannot be attacked in this collateral proceeding. The defendants in error rely upon decisions of this court in Homer v. McCurtain, 40 Okla. 406, 138 Pac. 807, and In re Impunnubbee's Estate, 49 Okla. 161, 148 Pac. 138, but the holding in those cases has been overruled in the case of Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168. in which this court held that the order of the county court admitting the will to probate was not an adjudication as to whether the will had been acknowledged according to the provisions of the act of Congress so as to operate as a conveyance of restricted Indian lands, and said:

"The federal statute requiring acknowledgment and approval of the county court acting as a federal agency has nothing to do with the due execution of a will as contemplated by the statutes of Oklahoma, but only relates to the manner and method by which the Congress authorizes the alienation of restricted Indian lands by will. A matter in which the county court, exercising its probate jurisdiction in admit-

ting a will to probate under the laws of Oklahoma, is not authorized to determine the operation or effect, or in any way construe such will as a valid alienation of restricted Indian lands. * * * Having come to the conclusion that the acknowledgment and approval required by the act of Congress are not elements of due execution and attestation within the purview of the statutes of Oklahoma, and that the act of the probate court in admitting the will to probate does not involve a determination of its acknowledgment or approval as required by the act of Congress, then the question of the validity of the will as a devise of restricted land was not within the jurisdiction of the county court in probating the will, and the judgment of probate cannot operate to bar a proceeding in the district court to determine the validity of such devise or for the recovery of the land in an ejectment action. * * *"

It is our opinion, therefore, that the order of the county court of Johnston county, admitting the will to probate, was not an adjudication of the validity of the will as a conveyance of the restricted Indian lands in controversy, and it appearing that the will was not executed in compliance with the act of Congress, was void.

The lands in controversy not being subject to the payment of debts of the deceased, in the absence of a valid will conveying the same for that purpose, the county court of Johnston county was without jurisdiction to order a sale of said lands for the payment of debts or funeral expenses. Sandlin v. Baker, 95 Okla. 113, 218 Pac. 519.

The judgment of the trial court is reversed and the cause remanded in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.