## LOWE v. CRAVENS.

No. 15272—Opinion Filed May 12, 1925.

Rehearing Denied Oct. 27, 1925.

**1. Guardian and Ward—Allowance of Attorney's Fee Not Final Order.**

An order of a county judge authorizing a guardian to pay an attorney's fee, subject to approval on final account, is not such a final order as will preclude the county court from surcharging the guardian for such payment on consideration of his final account.

**2. Evidence—Carbon Copy of Order—Status and Inadmissibility.**

Where an attorney presents to the county court an order for signature and, at the same time, presents a carbon copy of such order, which is signed by the judge and retained by the attorney, such signed carbon copy is neither an order nor an authenticated copy of an order of the county court, and is not admissible in evidence to prove that such order was made, nor is it admissible as secondary evidence to prove the contents of the original order in the absence of proof that the original order cannot be produced.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; William H. Zwick, Assigned Judge.

J. O. Cravens, former guardian of Lucy McDaniel Lowe, appealed to the District Court of Muskogee County from a judgment disapproving his final account and surcharging him with certain items paid out. The district court reversed the judgment of the county court. Lucy McDaniel Lowe has appealed. Reversed.

Linebaugh, Pinson & Fite, for plaintiff in error.

Disney & Wheeler, for defendant in error.

Opinion by RAY, C. This appeal involves the allowance of attorneys' fees in a guardianship proceeding. J. O. Craven, guardian of the estate of Lucy McDaniel, a minor, resigned March 30, 1923, pending an application for his removal. The county court surcharged the guardian with certain items shown by the final report to have been paid out by him, including one item of $1,000 paid to H. E. Shipley, and $250 to John Wheeler, as attorneys' fee. On appeal the district court held that these items had been regularly allowed by the county court and, no appeal having been taken, had become final and the guardian was relieved from the surcharge.

The attorneys testified that they filed a petition with the county court asking allowance of attorneys' fees, $2,000 to Shipley and $2,000 to Wheller; that a hearing was had in the county court and the county judge expressed himself as thinking the fees were exorbitant, but suggested that he would be willing to allow the attorneys $1,000 each; that they accepted that proposition and submitted an order prepared by them, together with a carbon copy; that the county judge signed the carbon copy, and they believed that he signed the original; that the carbon copy bearing the county judge's signature was presented to the bank as its authority for payment of two checks of $1,000 each, bearing date of March 30th, the date of the resignation of the guardian, signed by the guardian, which were at the same time presented for payment; that the bank refused payment because of a provision contained in the order which made the items subject to approval upon consideration of the guardian's final report. That provision is as follows:

"* * * It is therefore ordered, adjudged and decreed that the said guardian, J. O. Cravens, be and he is hereby authorized and ordered to pay unto Disney and Wheeler the sum of $1,000 and unto H. E. Shipley the sum of $1,000, and to account for the same in his final report to be filed herein, subject to approval of said fees in the guardian's final report."

Their evidence was that the county judge told Ray Horsha, an officer of the bank, over the telephone, that it would be all right to pay them and, in substance, that the final report would be approved; that the bank then paid the checks. But, on cross-examination Horsha testified that by agreement with the attorneys, the money was held in escrow in the bank and was being so held at the time of the trial. He further testified that the money was being held until the sureties on the guardian's bond should countersign the checks in conformity with an agreement had between the bank and the sureties. The carbon copy bearing the signature of the county judge was offered in evidence. Objection was made upon the ground that it was not the best evidence, but that the original order was the best evidence. As laying a foundation for the introduction of secondary evidence, one of the attorneys testified that he and his stenographer had gone through the court's files and had been unable to find the original order. On cross-examination, he said that he had not examined the records of the county court to see whether the order had been recorded or any entries made in the record to show such order. The document was then admitted in evidence over objection. The new guardian then called the deputy court clerk with the record for the purpose of showing that no such order had ever been entered of record. This evidence was excluded.

The county judge testified, in substance, that the attorneys came to his office and they had a general conversation about the fee; that he had no recollection of any hearing had, but that he was new in the office and not familiar with the proceedings had in the case; that he suggested that the fees claimed were too high and they had finally agreed upon $1,000 to each of the attorneys as reasonable; that to give the attorneys something to show to the bank and the guardian when the order should finally be made, he signed the carbon copy and delivered it to the attorneys, but did not sign the original order; that when he agreed with the attorneys upon the fee of $1,000 each, he was of the opinion that Mr. Shipley had been allowed and had drawn only $125 a month for his services but, upon investigation, found that he had been paid $7,000 or $8,000, which he deemed sufficient and, for that reason, did not sign the order.

On this evidence the trial court concluded that the carbon copy, bearing the signature of the county judge, was a valid order and, being unappealed from, was final, and en-

tered judgment in favor of the former guardian as to these two items.

We think the carbon copy bearing the signature of the county judge was neither a valid nor a final order.

"A final order is one ending a particular action, in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the right of the parties. Okla. City Land & Development Co. v. Patterson, 73 Okla. 234, 175 Pac. 934; Brooks et al. v. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956.

The instrument in this case shows upon its face that the allowance of the fees was subject to approval on settlement of the final account. The bank denied payment upon the ground that it was not a final order. The checks were paid, not upon the order, as shown by the testimony, but upon assurance of the judge of the court that it would be allowed on the settlement of the guardian's final report. The checks were not paid in the sense that the bank parted with the money, for it was being held in escrow at the time of the trial. The checks were paid in the sense that the money was taken from the funds of the ward in the hands of the guardian.

The evidence of the attorneys shows that at the time the county judge attached his signature to the carbon copy, it was not understood by them as being an order of the court, for they testified that their impression was, and they believed when on the stand, that the county judge signed the original. The document was introduced as secondary evidence to prove that an order was made. It was not admissible as secondary evidence, for the reason that no sufficient foundation was laid for its introduction. No search was made in the only place required by law for orders in probate proceedings to be entered, that is, in the minute book of the court.

Section 1398, Comp. St. 1921, provides:

"* * * All orders and decrees of the court or judge must be entered at length in the minute book of the court, and upon the close of each regular or special term, the judge must sign the same."

It is contended by the defendants in error that the case was tried de novo, and the court found that the services rendered the estate justified the sum allowed by the county court, and for that reason the case should be reversed. A sufficient answer is that no evidence was offered, either as to the character of the services rendered or value of any service rendered. The case was tried by the defendant in error upon the one theory that the county court had by order authorized the payment of these attorneys' fees, that the order was never appealed from and had become final, and the county court was without power to revoke the order or to surcharge the guardian on his final report. It was upon that ground that the trial court vacated the order surcharging the guardian.

The judgment should be reversed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1232 (1926 Anno). (2) 22 C. J. pp. 827 (1926 Anno). 1024.