## KOLB et al. v. ROBERTSON et al.

No. 20328.   Opinion Filed Dec. 8, 1931.

McKeown & Green, for plaintiffs in error.

Trice & Davison and Ratliff & Ratliff, for defendants in error.

HEFNER, J. On May 20, 1920, Myrtle Kolb, nee Greenwood by her next friend, Jake Kolb, brought an action in the district court of Johnston county against E. J. Ball and R. H. Robertson and others claiming to be the heirs at law of Nellie Greenwood, deceased, to recover 200 acres

of land in that county and accrued rents in the sum of $2,000.

The trial court found in favor of defendants. This court on appeal reversed the judgment and held defendants' deed void and remanded the cause. Kolb v. Ball, 101 Okla. 100, 223 P. 660. Upon receipt of the mandate, judgment was, on motion of plaintiffs, rendered thereon in their favor quieting title in them, but the question of rents was not disposed of by the judgment. No trial was ever had on that cause of action.

Plaintiffs thereafter and on March 21, 1924, brought this action against the same defendants to recover the cash rental value of the land for the years 1918 to 1923, inclusive. Defendants plead res adjudicata. This plea was sustained by the trial court and judgment entered in favor of defendants.

Plaintiffs contend that their cause of action in the original proceeding for the recovery of rent was dismissed without prejudice. The record, however, at the time the instant suit was filed, failed to contain an order of dismissal, nor did such order appear among the files in the case. After defendants' plea was filed, counsel for plaintiffs filed an order of dismissal with the clerk of the court bearing date May 3, 1920. The order had never been entered of record. Neither did the records show an order of dismissal. Plaintiffs, however, testified that the order was in fact made and signed by the judge on the day it bears date, but was inadvertently left among the files of his office; that he did not discover that he had not filed the order until after defendants' plea of res adjudicata was filed. On objection of defendants, the trial court refused to admit this order in evidence for the reason that it had not been entered of record. Plaintiffs assign this ruling as error.

Section 685, C. O. S. 1921, provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

In the case of Ex parte Stevenson, 20 Okla. 549, 94 P. 1071, this court said:

"The record entry of a judgment is indispensable to prove the evidence of it when it is made the basis of a claim or defense in another court."

See, also, Cockrell v. Schmitt, 20 Okla. 207, 94 P. 521; Williams v. Foreman, 65 Okla. 304, 166 P. 700. Under these authorities, in order that a judgment may be made the basis of a claim in another action, it must be proven and established by the record entry. While in our opinion the court ruled correctly in this particular, still the judgment must be reversed for the reason that defendants failed to sustain their plea of res adjudicata. In order to sustain their plea they offered in evidence the petition, answer, and judgment in the former case. The record offered in evidence discloses that the cause of action as to the recovery of the rents was not disposed of in the former suit. It is true that plaintiffs in their petition in one of their causes of action sued for rents. The judgment, however, did not dispose of that issue. It is not determined by the judgment. The record affirmatively discloses that this issue was not determined. It was not necessary to determine the issue as to the rents, nor was such an issue necessarily involved in an action for the possession of the premises. In the original suit, when the trial court found the title in the defendants, it was not necessary for it to make, and it did not make, any order on the cause of action for rents. That cause of action was not tried. Under the record disclosed here, the judgment in that action is not a bar to this action.

The record discloses that defendants paid the taxes on the land in question during the entire time they remained in possession thereof. The trial court on their claim for taxes paid allowed them to recover from plaintiffs one-third thereof. Plaintiffs also complained of the judgment in this respect. In our opinion the court was correct in allowing this recovery. The record discloses that a two-thirds undivided interest of the land is not taxable and that title to an undivided one-third interest therein is taxable. Since a one-third undivided interest is taxable, and defendants paid the taxes, we think that they should be allowed to offset one-third of the taxes paid as against plaintiffs' claim for rent.

Judgment is reversed and the cause remanded for a new trial.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., not participating.