In re CALDWELL'S ESTATE.
CALDWELL v. CALDWELL, Ex'r, et al.

*98 P. 2d 22.*

No. 28957. Dec. 5, 1939.

Rehearing Denied Jan. 23, 1940.

Ruble & Boatman, of Taloga, for plaintiff in error.

Mitchell & Mitchell and Meacham, Meacham & Meacham, all of Clinton, for defendants in error.

OSBORN, J. This action was instituted in the county court of Custer county, in the matter of the estate of G. E. Caldwell, deceased, Robert Hart Caldwell, as intervener, versus G. A. Caldwell, executor of said estate, and Bertha Conkling and Eva R. Smith, the devisees named in decedent's will. For convenience the intervener will be referred to as plaintiff and the executor and the heirs to the estate of G. E. Caldwell, deceased, will be referred to as defendants.

Plaintiff, in his petition, alleged that he is the adopted son of G. E. Caldwell, deceased; that he had not been mentioned in the will of deceased then under consideration by the county court and was entitled to participate in the distribution of said estate as if deceased had died intestate. Defendants answered by way of general denial and specifically denied the existence of any decree of adoption, and alleged that if any such decree existed, same was wholly void, made without jurisdiction and without due process of law. Plaintiff replied to said answer denying the allegations of defendants and alleging defendants were estopped to attack the adoption proceedings in said cause. The cause was heard on March 4, 1938, and judgment was rendered by the county court that said adoption was illegal and void and plaintiff was not entitled to inherit from said estate. Plaintiff thereupon perfected an appeal from said judgment to the district court of Custer county, where the cause was tried de novo to the court. Judgment was there rendered for the defendants that the plaintiff was not the adopted child of G. E. Caldwell, deceased; that the purported adoption was void and plaintiff was not entitled to share in the estate of the deceased.

Plaintiff filed motion for new trial, which was denied, and he has appealed to this court.

Plaintiff lists numerous assignments of error under four propositions: First, that the trial court erred in holding that the natural heirs of G. E. Caldwell, deceased, were not estopped to deny the validity of the decree; second, in holding that the heirs could collaterally attack the validity of the decree of adoption under which he claimed; third, in holding that said decree was void; and, fourth, in holding that he was not entitled to inherit from the estate.

All of plaintiff's contentions are based upon the proposition that there was a valid decree of adoption, and this question must first be determined. The burden is upon plaintiff to produce the proof of his adoption. In the California case of In re McComb's Estate, 162 P. 897, it was held:

"A contestant of distribution of an estate, who, seeking to establish her own status as an adopted daughter, as against legatees and devisees under a will, has the burden of proof upon her to establish her standing as such."

A thorough examination of the record shows that the plaintiff introduced in evidence an appearance docket, a petition for adoption and a purported decree of adoption. There is no evidence that these instruments were ever recorded. The evidence shows that the plaintiff, Robert Hart, was placed in the hands of a missionary at Ft. Worth, Tex., when he was about four or five years of age. The missionary subsequently placed the child in an orphanage at Thomas, Okla., which institution surrendered possession of the child to the deceased, G. E. Caldwell, and his wife in 1908. It appears that the child remained with the Caldwells until 1913, when his mother called upon them stating that she had come for her son. He went to his mother's home at Ft. Worth, Tex., shortly thereafter and remained with his mother a short time, then returned to the community where the Caldwells lived but not to the Caldwell home. He worked for various peo-

ple in the community as a farm hand for several years. He was always known as Robert Hart, and had never assumed the name of Caldwell. He married under the name of Robert Hart, and there was no evidence, other than the petition and purported decree of adoption, to show that he had ever considered himself the adopted son of the Caldwells, or that he had ever been so considered by the Caldwells or anyone in the community. Plaintiff introduced in evidence a page from the appearance docket showing that the petition for adoption of Robert Grammer Hart had been filed by G. E. Caldwell and Carrie Caldwell, and that said petition would be heard on June 8, 1908. Another entry was dated June 8, 1908, and stated "decree of adoption filed (see journal page)."

The court clerk testified that she was unable to find any journal where the instruments had been recorded, but identified a petition and decree as having been found in the vault in her office. She stated that there was no indication, other than that contained in the docket, that any hearing was had upon the matter on the date indicated; that there were no filing marks upon the instrument. She examined various other instruments purportedly signed by the county judge at that time, and stated as her opinion that the decree in question was not signed by the county judge. Other witnesses examined the various signature specimens and stated that in their opinion the decree was signed by the county judge or someone in his office.

We are not here dealing with an order of adoption duly recorded in the journal of the court, and in custody of the clerk of said court. As was said in Bouquot v. Awad, 54 Okla. 55, 153 P. 1104:

"A precedent for a journal entry of a judgment signed by the judge and filed in the cause *held* not competent evidence of the rendition of the judgment."

The record entry of a judgment is indispensable to furnish the evidence of it when made the basis of a claim or defense in another court. Fullerton v. State ex rel. Commissioners of Land Office, 140 Okla. 122, 282 P. 674. See, also, Lowe v. Cravens, 112 Okla. 190, 240 P. 638; Kolb v. Robertson, 153 Okla. 298, 5 P. 2d 1070.

This cause was tried de novo under section 1412, O. S. 1931, 58 Okla. St. Ann. § 735, which section of the statutes provides that the cause shall be tried by the court "as in suits in chancery." Construing this statute, this court has held in Hunter v. Battiest, 79 Okla. 248, 192 P. 575:

"In a contest proceeding for the probate of a will, the presumption is in favor of the findings of the trial court and they are entitled to the approval of this court unless shown to be against the weight of the evidence."

This court, in Seward v. Casler, 24 Okla. 275, 103 P. 740, laid down the rule:

"Where the testimony was oral and conflicting, and the finding by the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding"

—which rule has been followed by cases too numerous to mention. In this case the findings of the trial court were general and included the finding of every special fact necessary to sustain the judgment. It follows, therefore, that the trial court found that the purported decree of adoption had never been signed by the county judge. Upon this point the evidence is conflicting, as before stated. None of the witnesses who testified as to their opinion in regard to the signature in question was qualified as expert. It may be said that the opinion of lay witnesses with regard to the comparison of signatures is of little probative value, since the judge is as capable as the witnesses in making such a test (20 Am. Jur. 841). When it appears that such available evidence is conflicting and the judge has examined the signatures, and where the signatures, as reproduced in the record, show marked differences in their fundamental characteristics, this court will not disturb a judgment holding that such signature is not genuine.

The remaining assignments of error are predicated upon the theory that the decree of adoption is valid. Having determined that there was no valid adoption, it is unnecessary to pass upon these assignments.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, CORN, GIBSON, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and DAVISON, J., absent.