**H. P. WHITE, Plaintiff in Error,**

**v.**

**G. C. CLEMENTS, Executor of the Estate of John Samuel Hunter, Deceased, and Frances Pearl Hunter, now Horsechief, Defendants in Error.**

No. 36542.

Supreme Court of Oklahoma.

Jan. 10, 1956.

H. P. White, Pawhuska, pro se, Lee Williams, Oklahoma City, for plaintiff in error.

L. R. Stith, Fairfax, for defendants in error.

PER CURIAM.

This is an appeal from a judgment of the district court of Osage County denying plaintiff in error, herein referred to as petitioner, attorney's fee and expenses. The original action involved probate of the will of John Samuel Hunter, deceased. Petitioner and Paul A. Comstock were employed by Marie Osborne, mother of Joseph Hunter, a minor, as attorneys to press the minor's claim as an heir of the decedent. The attorneys by contract were to receive one half of all recovered on behalf of Joseph Hunter in the estate proceedings. The attorney-client relationship was created on February 24, 1941.

The attorneys proceeded by filing a petition on behalf of Joseph Hunter contesting the will. Later election to waive such contest was made and a petition filed requesting determination of heirship under the claim that Joseph Hunter was a son of the decedent, a legal heir and entitled to a one-third interest in the estate. The will containing no recognition of Joseph Hunter or provision for a share of the estate to him was admitted to probate.

The original probate proceeding was involved in two appeals to this court, the last of which affirmed the action of the trial court in denying the claim of Joseph Hunter as an heir.

This appeal stems from an order entered by the County Court on April 25, 1945, appointing petitioner alone as attorney for Joseph Hunter under the provisions of Title 58, O.S.1951 § 710. Hunter reached the age of majority on February 14, 1945. Subsequent to final determination in the proceeding adjudging Hunter not to be a legal heir, and prior to final distribution of the estate the county court and the district court on appeal heard the claim of petitioner for an attorney's fee and expenses to be paid from the estate based on the order. Petitioner appeals from the adverse judgment of the district court which affirmed the judgment of the county court.

Petitioner argues his assignments of error under the single proposition that the judgment appealed from is contrary to both the law and the evidence.

From the record it appears that the order appointing petitioner as attorney was entered after the first petition for rehearing on the first appeal to this court had been denied, April 24, 1945, In Re Hunter's Estate, 195 Okl. 416, 158 P.2d 345, and before a second such petition was filed. The order was entered without notice. On the same day petitioner filed in the probate case an attorney's lien notice stating the lien claim of petitioner and Paul A. Comstock on fifty percent of all properties recovered by Joseph Hunter by virtue of two written contracts of employment dated February 24, 1941, executed by Marie Osborne as mother and next friend, and by Joseph Hunter individually. Copies were served by registered mail on the executor of the estate, the widow of decedent, and the attorney for the executor. Letters of transmittal were dated April 24 and 26, 1945. No further proceedings were had in the case until July 21, 1947, at which time the county court tried the issues of heirship joined on the petition of Joseph Hunter. On successive appeals through the district court final determination of Hunter's claim, adversely to him, was made by this court. Hunter v. Hunter, 206 Okl. 573, 244 P.2d 1140.

The total appraised value of the estate as reflected by the inventory and appraisement filed was in the sum of $19,599.80. Petitioner sought an attorney's fee of $7,500, personal expenses of $562.39 and expenses for Paul A. Comstock in the sum of $434.32.

From a careful review of the entire record we find that the judgment of the trial court is not against the clear weight of the evidence, the proof reasonably tending to establish that Joseph Hunter, an adult at the time the order was entered, had elected to continue with the proceedings

instigated on his part and chose to have petitioner and Paul A. Comstock continue as his attorneys under a contract of employment for fifty percent of such recovery as might be had in the cause. And that petitioner and Paul A. Comstock continued to represent Hunter under such claim of compensation.

The conclusion of law entered by the District Court in the journal entry of judgment that there is no authority for the appointment of an attorney under the statute, 58 O.S.1951 § 710, for a party already represented, is unquestionably correct. In fact the sole purpose of the statute is to supply counsel to unrepresented parties where the need is suggested under the conditions described in the statute. Under this premise it follows that the judgment of the trial court must be affirmed if the court's findings of fact are sustained by the evidence. The court found that on the date the order appointing the petitioner was entered, and at all times material thereafter, Joseph Hunter was represented by petitioner and Paul A. Comstock. Under this finding it followed, and the trial court so adjudged, that the county court and the district court on appeal was without authority to appoint counsel for Hunter and to allow attorney's fees and expenses to petitioner out of the estate.

We find, for the reasons stated further along in this opinion, that the fact of representation, or lack thereof, at the time the order was entered under the situation existing in this case, was not determinative of the question as to whether a fee should be allowed out of the estate. In our conclusion above stated relative to the showing in the trial court as to the attorney-client relationship between petitioner and Comstock as attorneys and Hunter, we approve the finding of the trial court that its finding of this relationship at all material times is not against the clear weight of the evidence.

It follows that the judgment of the trial court should be affirmed unless, as contended by petitioner, the order of the county court appointing him is conclusive of the fact of representation and excludes further consideration thereof and the order having been entered requires that a fee be allowed.

We do not find that the order, under the circumstances of this case, had the effect urged by petitioner.

The statute provides for separable action of the county court, governed by the exigencies and requirements of the particular situation under the discretionary power of the court.

In the first instance the court is privileged, where no representation exists, to exercise its discretion as to whether representation will be created. The discretionary power of the court is emphasized by the last sentence of the statute: "The non-appointment of an attorney will not affect the validity of any of the proceedings." It is conclusive that the statute was created to provide for such representation as the court might find, in its discretion, necessary and proper, in order that those who were without the benefit of counsel and properly within the requirements of the statute, might have such personal benefit insofar as their individual rights were concerned, and as an aid to the court in determining the rights of all parties in the orderly and just determination of the proceedings involved.

Personal choice of representation is, however, inherent in all parties litigant. There is no prohibition in the statute against substitution for court-appointed counsel. Certainly nothing to prevent a non-resident adult for whom representation has been ordered from employing other counsel or providing for representation by the same counsel under fee arrangements between them.

It is our conclusion that the first separable provision of the statute applies only to the power of appointment. Such is not exclusive of the power of personal choice of counsel. It is only an extraordinary method of selection, empowered by the statute which may be used but not to the exclusion of personal choice where such exists and is exercised.

The second separable action of the court, also discretionary under the statute, pertains to the power of the court in allowing

or denying a fee. In the case of In re Roarke's Estate, 8 Ariz. 16, 68 P. 527, 528, the Arizona court in ruling on the statute of the state, exactly as ours, stated:

"* * * The language of the paragraph is plain and unambiguous. It leaves to the discretion of the probate court, in every case, the question of the necessity and propriety of the appointment of an attorney to act for those parties to any such proceeding who come within the classification of the statute and are without representation. It is likewise discretionary with the court whether an attorney so appointed shall receive a fee for the services which he renders under the appointment, and, if compensation is to be allowed, the court is required to fix the fee. * * *"

█ If the attorney appointed was at the time already engaged as counsel for the party the order is unquestionably ineffective as beyond the power of the court. Also a party for whom representation has been provided is free to employ counsel of his own choosing. It is equally true that the party is free to make his own fee arrangements with his attorney although court appointed. Under any of the above contingencies it is obvious that the court on consideration of the second separable provision of the statute would be compelled to deny a fee as a charge against the estate as a proper exercise of discretionary power.

█ Presuming, without deciding, that at the time the order was entered, Hunter was not represented, such order was not final. A final order is one ending a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties. Lowe v. Cravens, 112 Okl. 190, 240 P. 638, 639. The court's order specifically entered in accordance with the statute was plainly subject to further consideration on final determination of the cause and distribution of the estate. In the Lowe case, supra, we held an allowance of attorneys' fee subject to approval on final account.

In State ex rel. Blackaby v. Cullison, 31 Okl. 187, 120 P. 660, this court held that an order allowing alimony and attorneys fees pendente lite was not a final order.

A final order or decree being one which disposes of the whole merits of the cause and leaving nothing for further consideration of the court, an order pertaining solely to client and attorney relationship dependent upon a separate determination as to a fee chargeable against the estate by further order cannot be construed to reach any higher dignity than that of an interlocutory nature. A distinction must be made between facts and things to be determined in the progress of the proceedings and those to be ascertained in execution of final decree.

The order appointing petitioner as attorney for Hunter being outside the merits of the cause, and the whole merits of the cause being before the court for consideration, it was the duty of the court on entering a final decree to do so as equity and good conscience, from a view of the whole case, might require. The order and judgment of the court denying a fee to petitioner was in conjunction with the final decree and at the time entered necessary to conclude the proceedings to determine whether a fee should be allowed from the estate on final distribution.

We find the judgment in accordance with the law and not contrary to the clear weight of the evidence.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner CRAWFORD and approved by Commissioners REED and NEASE, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.