George W. BUSCH, Plaintiff in Error,

v.

Thelma BUSCH, individually, and as Guardian of Ricky Busch and Tommy Dale Busch, minors, and as Administratrix of the Estate of Louis Albert Busch, Deceased, Ricky Busch and Tommy Dale Busch, minors, Defendants in Error.

No. 38420.

Supreme Court of Oklahoma.

April 26, 1960.

Brown & Johnston, Blackwell, for plaintiff in error.

Howard Wilson, Raymond O. Craig, Blackwell, for defendants in error.

WELCH, Justice.

Louis Albert Busch died in Kay County, Oklahoma, on October 16, 1957, leaving real estate and personal property. He left surviving him a wife, Thelma Busch, whom he married on March 8, 1947, two adopted children, whom he and Thelma Busch adopted on the 16th day of January, 1951, and a brother, George W. Busch, who is the plaintiff in error herein.

Thelma Busch was duly appointed administratrix of the estate of Louis Albert Busch, and when she filed her final account and petition for distribution plaintiff in error filed an objection to the final account and an answer and contest to petition for distribution and an amendment thereto. A motion to strike and a demurrer to answer and contest were filed by the administratrix. The County Court of Kay County sustained the same, approved final account and determined the heirs to be Thelma Busch and the two adopted children.

In due course an appeal was taken by George W. Busch to the district court of Kay County, Oklahoma. Appellee filed a motion to dismiss the appeal on jurisdictional grounds, which motion was sustained by the district court.

The plaintiff in error, in his contest of petition for distribution, alleged that he was the sole and only heir at law of the deceased, and that Thelma Busch was not the legal wife of deceased; that her marriage was void; that the adopted children were grandchildren of Thelma Busch, and that the adoption of the two named children was void. The county court in sustaining the demurrer, and in its order, gave as reasons for doing so that same was a collateral attack on the marriage and adoption, and that it had no jurisdiction to determine the matter.

The district court sustained the motion to dismiss on the ground that in this proceeding the county court, and the district court on appeal, had no jurisdiction to consider and determine the question raised in the pleadings of George W. Busch.

In the case of Eggers v. Olson, 104 Okl. 297, 231 P. 483, we held:

"A prohibited marriage under state law may be inquired into in any proceeding in which the fact of marriage may be material."

In the case of Mudd v. Perry, 108 Okl. 168, 235 P. 479, we held:

"When the husband applies under sections 1354 to 1358, inclusive, C.O.S. 1921, for distribution of the estate of his deceased wife, who is survived by no descendants, and certain collateral heirs draw in question the lawfulness of the matrimonial status asserted, for the purpose of defeating the distribution to him as prayed, the county court in probate, and the district court in probate on appeal, can try this issue, as necessarily incident to the exercise of the power of distribution, under said sections; * * *"

This court, in the case of Fearnow v. Jones, 34 Okl. 694, 695, 126 P. 1015, at page 1017, L.R.A.1916C, 720, in answering the contentions that the validity of marriage could not be inquired into in the proceeding seeking to declare a trust, said:

"If this were true, it would follow that this woman, notwithstanding the fact that she was not the lawful widow of Fearnow, could keep this land without the fact of her relation to him being inquired into by any tribunal. The land office has declined to make inquiry into the fact, and, if the courts should likewise refuse, then the heirs, who are in law entitled to the estate, would be deprived of it without having their day in court. * * * The nullity of a void marriage may be shown in any legal proceeding where it is a pertinent matter. Heffner v. Heffner, 23 Pa. 104; Thomas v. Thomas, 124 Pa. 646, 17 A. 182; * * *".

The contention of plaintiff in error as to the invalidity of the marriage of Thelma Busch would be a determining factor as to her inheritance of the estate, therefore, the validity of her marriage is pertinent in the probate proceedings, and it follows that both the county court and the district court committed error in denying jurisdiction of the matter.

The question of validity of marriage, between opposing claimants in distribution of estates, has been consistently recognized and applied by this court, and only upon very few occasions has the probate court's jurisdiction been questioned.

Likewise, we have approved of inquiry into the legality of adoptions by probate courts in determining the heirs in the distribution of an estate. In re Estate of Howard, 125 Okl. 86, 256 P. 54; In re Caldwell's Estate, 186 Okl. 399, 98 P.2d 22, and West v. Harris, Okl., 312 P.2d 462.

In Hetherington v. Falk, 173 Okl. 437, 49 P.2d 756, we held:

"In closing the administration of a decedent's estate in the county court the petition for decree of distribution of the estate and a determination of the heirs entitled thereto, statutory notice of the hearing thereof having been given, is sufficient pleading to give the court jurisdiction over the estate and of all persons interested therein for the purpose of determining their rights to any portion of the estate."

We are therefore of the opinion, and so hold, that the county court in determining the legal heirs of a decedent for the purpose of distribution is vested with jurisdiction to determine the legality of a marriage and of an adoption, and where objections to distribution are properly filed raising these questions it is error for the county court to sustain a demurrer to the jurisdiction, and since the appeal to the district court was on both questions of law and fact, the district court was vested with jurisdiction to try same de novo, therefore, it was reversible error for the district court to dismiss for lack of jurisdiction.

We are not passing upon any question in connection with the pleadings of George W. Busch except to hold that the trial court has jurisdiction to consider same and to determine the relationship of the parties and to determine the heirs of decedent.

Therefore, the cause is reversed and remanded, with directions for the district

court to proceed by trial de novo not inconsistent with the views expressed herein.

Reversed and remanded.