**STATE** ex rel. **HAMILTON** et al. v. **TAYLOR.**

No. 8933—Opinion Filed March 5, 1918.

(171 Pac. 452.)

(Syllabus.)

1. **Judges — Disqualifications — Judge Pro Tempore—Statute.**

Where the county judge certifies his disqualifications to try a particular case, or any

proceeding therein, the judge pro tempore must be elected under the provisions of section 5814, Rev. Laws 1910. Sections 1830, 1831, of this statute have application to the election of a temporary judge whenever the county judge is unable to perform the duties generally of the office.

2. **Statutes — Implied Repeal — Irreconcilable Conflict.**

Since repeals by implication are not favored, statutes must be construed so as to give effect, if possible, to each section, and an earlier statute will not be held to have been repealed by a later one, unless the apparent conflict between the two is irreconcilable.

Original action for writ of prohibition by the State of Oklahoma, on the relation of B. F. Hamilton, executor of the estate of Samuel Bailey, deceased, and Sherman Spencer, legatee, against McLain Taylor, acting as special Judge of the County Court of Pottawatomie County, Okla. Writ denied.

Embry, Crockett & Johnson and F. H. Reily, for plaintiffs.

T. G. Cutlip and John L. Arrington, for defendant.

OWEN, J. This is an original action filed in this court for writ of prohibition to prohibit McLain Taylor acting as judge pro tempore of the county court of Pottawatomie county in the trial of certain issues pertaining to the administration of the estate of Samuel Bailey, deceased. It appears from the petition and response that the regular county judge, having been of counsel and having a claim against the estate, entered his disqualifications to hear and determine a motion to set aside a former order of the court, made by his predecessor, affecting the administrator's bond. Upon entering this order of disqualification the clerk of the court proceeded to hold an election for a special judge, at which election McLain Taylor was elected. It appears this election was held under section 5814, Rev. Laws 1910, and no contention is made as to the regularity of the proceedings under the provisions of this section. But the petitioner insists that the election should have been held under section 1831 of this statute. Section 12, art. 7, of the Constitution (section 197, Wms. Ann.), provides:

"When the county judge is disqualified in any case pending in the county court, a judge pro tempore may be selected in the manner provided for the selection of judges pro tempore in the district court."

It is conceded that the election was held under the procedure prescribed, in section 5814, for district courts.

Section 1830 of this statute provides for the election of a temporary judge of the county court whenever the regular judge is unable to perform the duties of his office because of illness, absence from the county, or other disqualifications, and further provides that such temporary judge shall have the same authority and the same power as the regular judge.

Section 1831 of this statute makes it the duty of the clerk of the county court to fix a time for the election of such temporary judge, and to serve a written notice on each member of the bar of the county at least 48 hours prior to such election. These sections apply to the election of a temporary judge to act in all cases and all matters properly coming before the county judge. The provisions of the Constitution referred to and section 5814 of the statute, under which the election of this case was held, applies to the election of a judge pro tempore where the regular judge is disqualified in a particular case. To hold otherwise would be to say that section 1830, the later act, is in conflict with the provision of the Constitution and with section 5814 of the statute. The well-settled rule is that where two acts, or parts of acts, are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to a construction which leads to the conclusion there is a conflict. Repeals by implication are not favored. Matthews v. Rucker, 67 Okla. ——, 170 Pac. 492; K. C. So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. 112; Sackett v. Rose, 55 Okla. 398, 154 Pac. 1177, L. R. A. 1916D, 820.

It is urged by counsel for petitioner that the notice of the clerk, in effect, amounted to a notice for the election of a judge to hear and determine the entire case, and for that reason should be held void. It appears that the county judge certified his disqualification to try the issues raised by motion to cancel and set aside a certain order made by the county court on the 4th day of January, 1917, purporting to discharge the executor, Hamilton, and his sureties on his bond for $125,000. That part of the notice posted by the clerk, necessary for consideration, is as follows:

"I will hold, in the county court room in the city of Tecumseh, Okla. at the hour of 1:30 o'clock p. m. of said day, an election of special judge to hear and determine all issues raised in the said motion of T. G. Cutlip et al., filed in said cause aforesaid, and to hear and determine any and all other questions that may be raised hereafter while

said estate is within the jurisdiction of said county court."

It is insisted that the language, "to hear and determine any and all other questions that may be raised hereafter while said estate is within the jurisdiction of said county court," renders the election void. The only matter pending before the court at the time his disqualification was certified was the determination of the motion. Taylor was elected judge pro tempore for the purpose of disposing of that motion. The language complained of may be treated as surplusage, and his jurisdiction under that election will be confined to the determination of the issues presented by the motion, and not to a final disposition of other issues that may arise in the administration of the estate.

It appearing that the election was regular for the purpose for which it was held, the writ will be denied.

All the Justices concur.