**MAYERHOFF et al. v. WORTMAN et ux.**

No. 14268—Opinion Filed Sept. 25, 1923

**1. Action—Joinder of Causes of Action in Tort and on Contract.**

Causes of action in tort can only be united with causes of action on contract where they all arise out of the same transaction or transactions connected with the same subject of action, and where the parties to the action in tort are the same as in the action on contract.

**2. Judgment—Res Judicata—Requisites.**

In order to make a matter res adjudicata, there must be a concurrence of the four conditions following, namely: (a) Identity in the thing sued for (or subject-matter of the suit). (b) Identity of the cause of action. (c) Identity of persons or parties to the action. (d) Identity of the capacity in the person for or against whom the claim is made. Hill v. Buckholts, 75 Okla. 196, 183 Pac. 42. (See R. C. L. volume 15, pg. 1012, sec. 486).

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Ottawa County; Q. P. McGhee, Judge.

Action by C. S. Wortman and another against August Mayerhoff and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

J. W. Bartholemew and Duke Ballinger, for plaintiffs in error.

Frank Nesbitt, for defendants in error.

Opinion by JONES, C. This suit was instituted in the county court of Ottawa county, by defendants in error, C. S. Wortman and Mrs. C. S. Wortman, plaintiffs below, to recover the sum of $1,000 from the plaintiffs in error, defendants below, upon a written contract, whereby the plaintiffs rented to defendants a certain building in the city of Commerce, Okla., and on the failure of the defendants to pay the rentals due, plaintiffs brought suit to recover same. The defendants filed an answer in which they aver that the written contract upon which the plaintiffs brought suit had been abandoned, and that they were holding the property by reason of a subsequent oral agreement. Defendants filed an amended answer wherein they set up a judgment which had been formerly obtained by the plaintiff herein, C. S. Wortman, against one of the defendants, August Mayerhoff, in the justice court of the sum of $50, which was a suit for conversion of certain property, consisting of furniture and fixtures, located in the building rented to the defendants,

Mayerhoff and Kitto, and alleged in their amended answer that the suit in the justice court was an adjudication of all issues between plaintiffs and defendants, and that the conversion of the property grew out of the same transaction, to wit, the written rental contract upon which this suit is based, and that the determination of the issues in the justice court is res adjudicata of the matters herein litigated, and that the plaintiffs are estopped to maintain this action; that all of the matters and things in litigation in this suit could have been and should have been litigated in the action maintaned in the justice court, and that all of the issues involved in the above suit could have been, and should have been litigated out in a court of competent jurisdiction, and that plaintiff split his cause of action when he filed the suit heretofore referred to in the justice court.

When the case was called for trial, the plaintiffs interposed a motion to strike the amended answer, which was sustained by the court and the instrument denominated as an amended answer was stricken. The cause was tried on the original answer and judgment rendered for the plaintiffs, to which judgment, and likewise to the order of the court striking the amendment, the defendants duly excepted, and pray an appeal to this court.

And while various errors are assigned, plaintiffs in error, in their brief, rely entirely on and only urge one of the errors assigned for reversal of this case, viz., "that the court erred in striking the amendment to defendants' answer from the files," and make the contention that it was a proper amendment and a complete defense to plaintiffs' cause of action, and cite as authority in support of this contention, the case of Hesser v. Johnson, 13 Okla. 53, 747, 74 Pac. 320, which declares the doctrine or rule against splitting a single cause of action, or entire claim or demand, which is a well established rule of law; and also cite the case of Tootle et al. v. Kent et al., 12 Okla. 674, 73 Pac. 310, which was a suit wherein the plaintiff sets forth two separate and distinct causes of action: the first, "an equitable action, asking for the dissolution of a partnership and the distribution of the funds of the same"; and, second, "a legal cause of action, asking for damages for the illegal and unwarranted closing of his place of business by the other partners, in collusion with Tootle, Wheeler, and Motter, alleging that damages had been caused by reason of the foreclosure of a bogus mortgage given Tootle, Wheeler, and Motter by Brady and McPhee, the partners of the plaintiff herein, D. C. Kent;" and the court in that cause held

that both causes of action growing out of and being based upon the giving of a bogus mortgage by the partners, the causes of action were properly joined; but we cannot agree with counsel for plaintiffs in error in their argument and application of the law as set forth in the cases cited, as controlling the issues presented in this case. The facts as disclosed by the records show that this was a suit instituted by C. S. Wortman and Mrs. C. S. Wortman against August Mayerhoff and T. J. Kitto, based upon a written rental contract. The suit pleaded in the amended answer and set up as a defense to the cause of action herein alleged was a suit by C. S. Wortman against August Mayerhoff for conversion of certain personal property by the defendant, Mayerhoff, and being the individual property of C. S. Wortman. There is nothing to indicate in the record that Mrs. Wortman or T. J. Kitto had any interest in that controversy, and we hardly think it can be said that the conversion of this specific property grew out of the same transaction. The transaction in this suit is based upon a written contract. The conversion of the personal property does not necessarily have any connection with the rental contract, and the adjudication of the issue of conversion is in no wise identical with the issue here in controversy, by reason of failure to pay rents, and the principle of res adjudicata does not apply.

We, therefore, are of the opinion that the court was correct in sustaining the motion to strike. It was clearly a matter within his discretion, and in view of the fact that different parties were interested in the different suits, we think it clearly his duty to have so ruled. Finding no error, we recommend that the case be affirmed.

By the Court: It is so ordered.