### NORTON MOTOR SALES CO. v. JOHNSON.

No. 15498—Opinion Filed June 2, 1925.

1. **Statutes—Special Statute not Repealed by Later General Statute.**

Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal or an absolute incompatibility, that the special is to remain in force as an exception to the general, and that all matters covered by the special act shall be governed by the provisions contained in said special act.

2. **Same—Exemptions—Earnings of Debtor Needed for Support of Family.**

Sections 1045 and 741, C. O. S. 1921, were not repealed by subdivision 16, incorporated in the general exemption statute by the Legislature of 1905. The provisions contained in said sections 1045 and 741 still survive and operate as limitations on the application of section 6596, C. O. S. 1921, and under the laws of this state a creditor is not entitled in any event to 25 per cent. of all current wages earned for personal or professional services of a debtor, earned during the 90 days next preceding the issuance of garnishment process, where such debtor, who is a resident of the state, makes it appear, by affidavit or otherwise, that such earnings are necessary for the maintenance of a family supported wholly or partly by his labor.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

**Error** from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action in garnishment by the Norton Motor Sales Company, a copartnership, against W. F. Johnson and the Chicago, Rock Island & Pacific Railway Company, garnishee. Judgment in favor of the defendant discharging the garnishee, and plaintiff appeals. Affirmed.

Carlton & Hendon, for plaintiff in error.

Wyatt & Waldrep, for defendant in error.

Opinion by FOSTER, C. This is an appeal from an order of the superior court of Pottawatomie county, discharging a garnishee. The plaintiff in error, Norton Motor Sales Company, a copartnership, sued the defendant in error, W. F. Johnson, in the superior court of Pottawatomie county, and in connection with such action sought to impound 25 per cent. of a certain sum, in the hands of the Chicago, Rock Island & Pacific Ry. Company, as garnishee, earned by the defendant in error for personal services within 90 days next preceding issuance of the garnishment process. The garnishee appeared and filed its answer showing that it owed the defendant in error $90 for personal services and that 25 per cent. thereof was subject to garnishment. The defendant in error thereupon filed his verified motion to discharge the garnishee, supporting the same with the affidavit of his wife, showing that the money sought to be impounded by the garnishment process had been earned for personal services performed within 90 days next preceding, and that all of such earnings were necessary for the maintenance and support of his family. On May 27, 1924, the trial court overruled a demurrer and counter motion, interposed by the plaintiff in error to the motion of the defendant in error, to discharge the garnishee, and entered its order discharging the garnishee and ordering the money paid into court for the use and benefit of the defendant in error, to all of which the plaintiff in error excepted and brings this proceeding in error to review said judgment, assigning as error the action of the trial court in overruling their demurrer to the motion of the defendant in error and in sustaining said motion.

The trial court applied sections 1045 and 741, C. O. S. 1921, and it seems to be practically agreed by both parties to the controversy that, if these statutes are still in effect, they were properly applied. It is contended by the plaintiff in error, however that the territorial Legislature of 1905, in effect, repealed the above cited provisions of our statute, by the 16th subdivision of the general exemption statute (Laws 1905, c. 18), which provides as follows:

"All current wages and earnings for personal or professional services earned within the last 90 days."

It is said that since subdivision 16 of the general exemption statute worked a repeal of sections 1045 and 741, C. O. S. 1921, supra, the only applicable provision in the statute was that contained in section 6596, C. O. S. 1921, amending said subdivision 16, which statute, as amended, it is claimed, in no case allowed a debtor more than 75 per cent. of current wages or earnings for personal and professional services earned during the last 90 days. This contention, we think, cannot be sustained.

It is not contended that there has been any express repeal by the Legislature of sections 1045 and 741, supra, but it is insisted that the repeal has resulted by implication. Repeals by implication, however, are not favored by the courts and a later statute will not ordinarily be construed to repeal a previous statute unless the subsequent statute is so manifestly inconsistent with the provisions of the former that both cannot stand. Lovejoy v. State, 18 Okla. Cr. 385, 194 Pac. 1087; State ex rel. Hamilton v. Taylor, 68 Okla. 38, 171 Pac. 452; State ex rel. Oklahoma City v. Superior Court of Oklahoma County, 40 Okla. 120, 136 Pac. 424.

The original act (sections 1045 and 741) is found in the general statutes under the head of "Civil Procedure," and deals largely with the procedure to be employed by a debtor, or his family, whose earnings have been seized in execution, for obtaining the exemption, and in this sense they may be regarded as special provisions enacted for the purpose of securing the benefits of the exemption allowed by the act to the family of the debtor.

In Union Saving Ass'n v. Burns, 74 Okla. 1, 176 Pac. 227, our court said:

"Where there are two statutes upon the same subject, the earlier being a special and the latter general, the presumption is, in the absence of an express repeal or an absolute incompatibility, that the special is to remain in force as an exception to the general, and that all matters covered by the special act shall be governed by the provision contained in said special act."

In Harris v. Bell, 250 Fed. 209, it is said that special legislation, in regard to a particular subject, controls general legislation upon that and other subjects unless so repugnant that it must be presumed it was intended to repeal the special legislation.

We observe nothing in subdivision 16 of the general exemption statute of 1905 in-dicating an intent on the part of the Legislature to expressly repeal the prior statute requiring the debtor to establish that his earnings are necessary for the maintenance of a family, supported wholly or partly by his labor, as a condition for obtaining such exemption, nor anything in the wording of the two statutes indicating absolute incompatibility, and in these circumstances, the provisions of sections 1045 and 741 remained in force.

The provisions of such former statute still survive and operate as limitations on the application of section 6596, C. O. S. 1921, so that a creditor, under the laws of this state, is not entitled, under section 6596, C. O. S. 1921, to 25 per cent. of all current wages earned for personal or professional services of a debtor, earned during the last 90 days, where such debtor, who is a resident of this state, makes it appear by affidavit that such earnings are necessary for the maintenance of a family supported wholly or partly by his labor.

Our conclusion is that the trial court committed no error in sustaining the motion of the defendant in error to discharge the garnishee and in rendering judgment accordingly. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 1089. (2) 25 C. J. p. 69.