## STATE ex rel. POWER et al. v. WENNER, County Treasurer.

No. 17402—Opinion Filed Sept. 21, 1926.

(Syllabus.)

1. **Statutes—Harmonizing Separate Statutes or Sections—Consideration as a Whole—Legislative Intent.**

If statutes dealing with a particular subject are, when taken separately, not clear in that one might be given a meaning which would operate to strike down the other, the rule of statutory construction that the intent of the Legislature governs must be invoked and all the statutes or sections of various statutes dealing with the same subject should be read and given effect as a whole.

2. **Same—Repeals by Implication not Favored—Disposition of Interest on Public Funds in County Depositories—Rights of Common School Fund.**

Repeals by implication are not favored, and in construing separate enactments of the Legislature that conclusions as to their intent must be reached if possible so as to give effect to each provision, and an earlier statute will not be held to be repealed by a later one by implication unless the conflict between the two is irreconcilable. Section 8583, C. O. S. 1921, provides, in effect, that the county treasurer shall place to the credit of the common school fund of the county for distribution as other school funds the interest arising from moneys deposited in county depositories, and at the close of each month\the same shall be apportioned and credited to the common school fund of the county. This section is not repealed or modified by that portion of section 8621, which reads, "And when collected it shall be credited to the respective funds and accounts so earning the same."

3. **Same—Disposition of Interest Arising from Deposit of Unused Proceeds of Road Improvement Bonds.**

Where money arising from · the sale of road improvement bonds voted by the county is turned to the county treasurer. and the unused portion thereof is placed by such treasurer in the county depositories, the interest arising therefrom should be disposed of by such treasurer in accordance with section 8583, C. O. S. 1921.

Error from District Court, Logan County; Chas. C. Smith, Judge.

Mandamus by the State on the relation of W. F. Power et al., constituting the Board of Education of School District No. 60, Logan County, against Fred L. Wenner, County Treasurer. Judgment for defendant, and plaintiff brings error. Reversed.

Gordon Stater, for plaintiff in error.

Geo. W. Partridge, for defendant in error.

BRANSON, V. C. J. Error is prosecuted herein to reverse a judgment of the district court of Logan county denying relief prayed by the plaintiff. The relief prayed was a mandamus against Fred L. Wenner, as county treasurer of said county. It was sought in the name of the state on the relation of W. F. Power and others, as the board of education of school district No. 60 of said county. An alternative writ of mandamus was issued, the service of which was waived by the defendant, who filed a response in the form of an answer to the plaintiff's allegations.

In brief, the plaintiff alleged that a large sum of money had accumulated and was then in the control and custody of the defendant as county treasurer, from interest on deposits in county depositories of moneys arising from the sale of county road bonds, and that the amount thereof which should be apportioned according to scholastic enumeration to school district No. 60 was the sum of $5,204.64; that the treasurer having failed to apportion this or any other amount of said money to the credit of said district, the remedy as prayed was invoked.

The response or answer of the county treasurer admits that W. F. Power and the others who instituted the suit in the name of the state are the board of education of school district No. 60; that he is county treasurer of said county; but his further answer says that it is not his duty as county treasurer to credit to the common school fund of the county for distribution as other school funds the interest and money arising from average daily balances as pleaded by the plaintiff, but that the interest arising from the deposit of moneys representing the proceeds of the sale of county bonds for road purposes is a special fund deposited by the county commissioners as required by law with the county treasurer, and that the interest on the unexpended portion of the proceeds received by him from the county depositories is required by law to be kept by him, credited and deposited to the account of said special fund of the county commissioners, to wit, the funds for which the bonds were voted and sold. The facts were stipulated, and the part of the stipulation admitted by the defendant's response is unnecessary to be reiterated. The substance of the other part of the stipulation is this:

"That the defendant as county treasurer has deposited in the legal depositories funds arising from the sale of highway bonds issued by Logan county, and that the money alleged by the plaintiff should properly be placed to the common school fund of Logan county accrued from the deposit of such moneys; that the scholastic enumeration for Logan county for the year 1925 was 7,912; that the total scholastic enumeration of the school district No. 60 of Logan county was 3,098; that the share of the funds arising as above stipulated, to wit $13,358.73, based upon the scholastic enumeration for said district No. 60 was $5,204.64, the amount sought by the plaintiff. That the said amount is in the hands of the defendant and has not been paid out, but is to the credit of the highway fund or account. It is further stipulated that the defendant carries separate accounts in the official depositories for money which is turned to him daily by each separate county official, such as the sheriff, court clerk, and so on, and that all of these funds are by him deposited in separate accounts known as the official depository accounts."

The trial court denied the relief prayed, finding in its judgment:

"That the defendant is correctly placing and handling the fund or funds involved in this action, and finds that the plaintiffs are not entitled to the relief prayed."

From this judgment, the plaintiff perfects this appeal, and the assignments of error as discussed in the briefs resolve themselves into the question as to whether or not the interest received by the county treasurer from the deposit of moneys arising from a county bond issue for roads, bridges, etc., should be credited to the common school fund of the county and distributed to the school districts as by law provided for other funds.

From the above stipulated facts, it must be clear that the county treasurer does not deny that school district No. 60 is entitled to $5,204.64 as its proportionate share of the interest money collected, if the money arising as interest from such a deposit is required to be placed by him to the credit of the common school fund of the county. It was the holding of the trial court that such a fund should be credited to that particular fund and supplemented the same, or, in other words, that having been placed in the road or highway account, it was correctly placed by the treasurer for the benefit of highway construction, and that the statute did not require that it be placed in the fund for the benefit of the common schools.

It is not contended by the plaintiff that the defendant acts arbitrarily in this matter, but plaintiff concedes that he acts honestly under a misinterpretation of the requirements of the statute.

The defendant apparently relies upon a cer-

tain provision in section 8621, C. O. S. 1921. The first part of said section requires that all county officers pay over all moneys, from whatsoever source arising, to the county treasurer. Then it provides:

"All moneys when so received by the county treasurer, as such official depository, shall be by him deposited in banks designated and qualified as county depositories as now provided by law and shall draw interest at a rate of not less than three per centum (3%) per annum on daily average balances, which said interest shall be paid monthly; **and, when collected, shall be credited to the respective funds and accounts so earning the same. * * *"**

In defendant's brief, counsel apparently relies upon the last three lines of said portion of the statute, for he says:

"Under sections 8620, 8621, and 8625, of C. O. S. 1921, above cited, the county treasurer would be guilty as provided by section 8625 of said act if he failed or neglected or refused to comply with the requirements of section 8621 of said law, which says, 'which said interest shall be paid monthly, and when collected shall be credited to the respective funds and accounts so earning the same. * * *"

The plaintiff insists that the said section relied upon by the defendant must have a construction such as would not defeat the provisions of section 8583, C. O. C. 1921. This last-named section provides:

"8583. Interest Placed to Credit of. The county treasurer shall immediately upon the passage and approval of this act place to the credit of the common school fund of the county for distribution, as all other common school funds, all the interest money now on hand accrued on the average daily balances of money deposited with banks in pursuance of the provisions of the county depository law; all such interest moneys hereafter collected shall at the close of each month be apportioned and credited to the common school fund of the county."

It must be noted that the above-quoted section deals with a specific subject, to wit, the disposition of the money arising as interest and paid by the depositories to the county treasurer, and refers to all moneys deposited by the county treasurer and which he is required to receive by the depository law, and as to which there is no specific exception. Digressing for a moment it must be noted that the said section 8621 is a part of the county depository law, and it is under such law that the county treasurer receives the proceeds of the sale of a bond issue such as here, and it is under such law that he deposits it in the bank, and it is under such law that three per cent. (3%) interest is required upon the daily balances. It

must be noted also that it is stipulated between the parties that the defendant as county treasurer carries a separate account for the moneys turned over to him by each separate county officer. As the above-quoted part of section 8621, to wit, that relied upon by the defendant, "and when collected it shall be credited to the respective funds and accounts so earning the same," it would be as much the duty of the said defendant to credit each of the funds so carried by him with the interest arising from the deposit thereof as it is to credit the highway fund with the interest arising from it; for the county treasurer receives all these moneys under the same provision of the statute, and the said provision stressed by the defendant as justifying his official conduct herein does not refer to any particular fund, but is general in its nature, and if made applicable to the interest arising from the moneys herein in question, could be made equally applicable to the interest arising from other funds received by the county treasurer under the depository law. This clause found in the said section would, therefore, work a repeal of the said section 8583. An examination of these statutes discloses that they were both enacted by the Legislature of 1917, and that each was approved by the Governor, one within a few hours of the other. Can it be said that the said section 8583 was changed, repealed, or modified by the said quoted provision of section 8621? We think not. The plain import of the said language of the section 8621 relied upon is not in conflict with the said 8583, because the said provision refers merely to a duty on the part of the county treasurer in keeping his books and is better clarified if it should read, in effect, that the county treasurer, when the interest on any particular fund is paid by the depository, shall let his records show what fund or account has earned the interest so paid. This in no wise would prevent the county treasurer complying with section 8583, that at the end of each month the same shall be apportioned and credited to the common school fund of the county. Even if the language of the said provision relied on by the defendant as set out above were not susceptible to the meaning we give it above, we cannot agree with the contention made in the brief that said section 8583 is superseded and by implication repealed by the enactment of said provision of section 8621.

As above stated, the acts of the Legislature containing the sections above quoted were passed at the same session and both have reference to the same subject or pri-

mary intention of the legislative branch of the state government. We cannot overlook the basic rule in the construction of statutes. That rule is that the intention of the Legislature must govern, and when there is a question as to whether or not one section or another section governs, all the provisions of the legislative enactment in pari materia upon the subject in question must be considered together. If we should give the particular part of the said section relied upon by the defendant the construction he contends for, we think this would defeat the intention of the Legislature as shown by the section above quoted, and we cannot hold that under any rule of construction the said section 8583 was repealed by implication. This court in the case of State ex rel. v. Taylor, 68 Okla. 38, 171 Pac. 452, said:

"Since repeals by implication are not favored, statutes must be construed so as to give effect, if possible, to each section, and an earlier statute will not be held to have been repealed by a later one unless the apparent conflict between the two is irreconcilable."

Bearing upon the same are similar cases: In re Cleveland's Claim, 72 Okla. 279, 180 Pac. 852; McGannon v. State ex rel., 33 Okla. 145, 124 Pac. 1063; Hunter, County Treasurer, v. State, 49 Okla. 672, 154 Pac. 545; Sackett v. Rose, 55 Okla. 398, 154 Pac. 1177; 25 R. C. L. 1062 (sec. 286); Norton Motor Sales Co. v. Johnson, 110 Okla. 174, 237 Pac. 128.

Considering the statutes drawn in question in this suit in the light of the rule announced in the above and foregoing cases, we hold that the intention of the Legislature, as expressed in section 8583, C. O. S. 1921, is not in any wise impaired by the provision of the statute relied upon by the defendant in his brief, and that his duty is to do as the plaintiff prays. The judgment of the trial court is reversed, with direction to enter judgment on the stipulated facts as prayed by the plaintiff.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, HUNT, and RILEY, JJ., concur.