## FULLERTON v. STATE ex rel. COM'RS of LAND OFFICE.

No. 19274.   Opinion Filed Nov. 5, 1929.

Rehearing Denied Dec. 17, 1929.

P. G. Fullerton, pro se.

Geo. E. Merritt, for defendant in error.

HERR, C.   This is an action originally brought in the district court of Comanche county by the state of Oklahoma, on the relation of the Commissioners of the Land Office against Nannie Selmer to recover lot 1, in block 12, McClung's addition to the city of Lawton.   P. G. Fullerton was subse-

quently made a party defendant on motion of defendant Selmer.

The Commissioners of the Land Office claim title to said lot as a part of the land granted to the state by Congress under section 12 of the Enabling Act for the purpose of higher education. This lot was originally part of section 6, township 1 north of range 11 west, Comanche county. This section was selected by the state, as provided by said section, and a portion thereof was subsequently platted and laid out as town lots, as provided by section 9339, C. O. S. 1921. On May 15, 1911, the lot in question, in accordance with the provisions of said section, was sold by plaintiff, Commissioners of the Land Office. to James A. Lowery, and, on the 22nd day of June, 1911, a certificate of purchase was issued him therefor by said Commissioners. The certificate of purchase issued to purchaser contained the conditions as to deferred payments as provided by section 9342, C. O. S. 1921. Purchaser, Lowery, defaulted on his deferred payments to the state, and also permitted the taxes on the lot to become delinquent for the years 1915, 1916, and 1917, and in 1919 the same was sold to the county for taxes. In 1920, P. G. Fullerton purchased the lot at a tax resale, receiving a tax deed therefor from the county treasurer, and immediately entered into actual possession of the premises, and on November 10, 1921, conveyed the same by warranty deed to defendant Selmer.

Defendant relied on said tax deed as a defense to the action, and also pleaded res judicata. The judgment of the trial court was in favor of plaintiff. Defendant Fullerton alone appeals.

The first and main question argued by appellant is that the judgment is not sustained by the evidence and is contrary to law. In this connection it is urged that his plea of res judicata should have been sustained.

It appears that on the 1st day of June, 1922, the state, on relation of the Commissioners of the Land Office, brought an action in mandamus against N. P. Bledsoe and Lizzie U. Gibson, county treasurer and county clerk, respectively, of said county, praying that they be commanded to cancel the taxes on the lot in question, together with the tax on other lots not here involved. Defendant Selmer, by leave of the court, intervened in said action, and by her plea of intervention claimed title to the lot in question, together with other lots, fully setting forth her chain of title, and prayed that the writ be denied. The writ was by the court granted commanding the county treasurer and county clerk to cancel the taxes as to certain lots therein involved, but the order did not include the taxes against the lot here in question.

Subsequent to the granting of the peremptory writ, as above stated, defendant Selmer herein, and intervener in that action, asked and was granted leave to amend her plea of intervention, which she accordingly did. In this amended plea, intervener, by appropriate averment, made all the allegations of her original plea part of her amended plea, and, in addition thereto, alleged that the writ should not be granted for the reason that plaintiff had an adequate remedy at law, and for the further reason that the premises involved in that action had been sold prior to the commencement thereof, and that the writ, if granted, could serve no purpose.

There is no record showing the disposition of said cause as to the taxes against the lot here involved, except the minutes of the court clerk and an order of the court approving the same. The minutes, under date of June 20, 1924, recite that demurrer of intervener is sustained and the case dismissed. On September 24th, the court made an order approving the minutes of the clerk of June 20. No judgment was ever recorded showing the disposition of the mandamus suit as to the taxes on the property here involved.

In our opinion, this record is insufficient upon which to base a plea of res judicata. It has been repeatedly held that the minutes kept by the court clerk are not part of the record and not sufficient upon which to base such plea, but that a record entry of the judgment itself is indispensable in order that such plea may be available. In our opinion, the order of September 24, 1924, approving the minutes of the clerk, does not amount to a record entry of judgment sustaining the demurrer. In the case of Ex parte Stevenson, 20 Okla. 549, 94 Pac. 1071, it is said:

"The record entry of a judgment is indispensable to furnish the evidence of it when it is made the basis of a claim or defense in another court."

In the case of Cockrell v. Schmidt, 20 Okla. 207, 94 Pac. 521, the court, at page 214, quoted from Greenleaf on Evidence, as follows:

"And the record itself must be finally completed before the copy is admissible in evidence. The minutes from which the judgment is made up, and even a judgment in

paper, signed by the master, are not proper evidence of the record."

See, also, Williams v. Foreman, 65 Okla. 304, 166 Pac. 700.

Even though it should be held that the order above referred to constituted an entry of judgment sufficient upon which to predicate such plea, still, the same could not be sustained for the reason that there is lacking identity of the subject-matter of the suit.

The matter involved in the former action was the cancellation of certain taxes. It is true defendants in that action claimed under the identical tax deed here involved. But it does appear that the validity of the deed was passed upon in the former action. Plaintiff's mandamus suit, as shown by the clerk's minutes, was dismissed upon the sustaining of intervener's demurrer. The record fails to disclose the filing of a demurrer in said action, but it is argued by counsel for defendant in his brief that the court treated the amended plea of intervention as a demurrer. If this be correct, it is evident that the court's ruling must have been based upon the theory that plaintiff had an adequate remedy at law, as the other matters set up in the plea of intervention could not have been adjudicated without taking evidence. The right of plaintiff to the possession of the lot in question was not put in issue by the so-called demurrer to the petition, and a judgment sustaining the same would, therefore, not constitute a good plea in bar to this action. Ratcliff-Sanders Grocer Co. v. Bluejacket Mercantile Co., 63 Okla. 298, 164 Pac. 1142; Hill v. Buckholts, 75 Okla. 196. 183 Pac. 42; Mayerhoff v. Wortman, 92 Okla. 66, 218 Pac. 842. Under these authorities, defendant's plea of res judicata cannot be sustained.

It is the contention of plaintiff that defendants acquired no title by and through the resale tax deed relied upon by them, for the reason that the county treasurer was without authority to issue the same, and, in support of this contention, it relies upon section 9321, C. O. S. 1921. This section provides:

"The Commissioners of the Land Office shall, as soon as possible after the sale of lands, transmit to the clerk of each county in which any lands mentioned in this article have been sold, a detailed description of each parcel of the land so sold and the names of the purchaser, and the clerk shall extend the same upon the tax rolls for the purpose of taxation, and the same shall thereupon become subject to taxation the same as other lands, and the taxes assessed thereon collected and enforced in like manner as against other lands: Provided, however, that the purchaser, at a tax sale of any such lands sold for delinquent taxes, shall acquire by virtue of such purchase only such rights and interest as belong to the holder and owner of the certificate of sale issued by the Commissioners of the Land Office under the provisions of this article and the right to be substituted in the place of the holder and owner of such certificate of sale as the assignee thereof; and upon a production to the proper officer of a tax certificate given upon such tax sale, in case such lands have been redeemed, such tax purchaser shall have the right to make any payment of principal or interest then in default upon such certificate of sale as the assignee thereof. But no tax deed shall be issued upon any tax certificate procured under the provisions of this article while legal title of said lands remains in the state of Oklahoma."

Defendant contends that this section of the statute was repealed by chapter 130, S. L. 1919. This act is a general act amending the general laws of the state relative to the collection of delinquent taxes and repealed all laws in conflict therewith. The statute here in question is a special statute dealing with a particular subject, the sale of school lands. There is no express repeal contained in the general act, nor is there such an inconsistency between the general and special act that both cannot stand. The special act, therefore, remains in force as an exception to the general act. Gardner v. School Dist. No. 87, 34 Okla. 716, 126 Pac. 1018; Norton Motor Sales Co. v. Johnson, 110 Okla. 174, 237 Pac. 128; Hollis v. Adams Gin Co., 115 Okla. 25, 241 Pac. 744; City of Pawhuska v. Pawhuska Oil & Gas Co., 118 Okla. 201, 248 Pac. 336.

It is next contended by defendant that the proviso contained in the section of the statute above quoted, and relied upon by plaintiff, is unconstitutional in that the same contravenes article 10, sec. 5, of the state Constitution, which provides that the power of taxation shall never be surrendered, suspended, or contracted away. In support of this contention, he relies upon the case of County Commissioners of Woods County v. State ex rel. Commissioners of the Land Office, 125 Okla. 287, 257 Pac. 778. It is argued that this case held section 9748, C. O. S. 1921, unconstitutional, and that the same, by analogy, applies to the case at bar. This case, however, does not hold said section unconstitutional, but simply holds that if it was intended by the act to extinguish the state's lien for taxes, and if it, in fact, so operated, the statute, to this extent, would be unconstitutional. In the later case of State ex

rel. Commissioners of the Land Office v. National Bank of Commerce, 139 Okla. 134, 281 Pac. 579, this court held that said section of the statute, when properly construed, did not have the effect of extinguishing the state's lien for taxes, and was therefore, not unconstitutional. It appears quite clear to us that the section of the statute under consideration does not have the effect of extinguishing the state's lien for taxes, but, on the contrary, recognizes and provides a procedure for enforcing the same. The power of taxation is neither surrendered, suspended, nor contracted away thereby, and the same is, therefore, not in violation of article 10, section 5, of the state Constitution.

The contention that this section of the statute violates sections 46 and 33 of article 5 of the Constitution of the state, in that the same is a revenue-raising measure and special and local legislation, in our opinion, is clearly untenable, and we, therefore, dismiss the same without further consideration.

Having arrived at the conclusion that the statute under consideration is not unconstitutional, and that the same has not been repealed, it follows that the county treasurer was without authority to issue the tax deed relied upon by defendants and that the same does not operate to divest the Commissioners of the Land Office of the title to the premises in question.

It is undisputed that the original purchaser at the lot sale held by the Commissioners of the Land Office defaulted in making the deferred payments provided by section 9342, C. O. S. 1921. This section provides that a failure to make such payments for six months after the same fall due shall work a forfeiture to the common school fund of the state of all payments made as well as the land sold, and further provides that the land shall be resold as provided by the act.

Section 9326, C. O. S. 1921, provides that the state shall have the first lien upon all lands sold until all payments have been made. Under these sections of the statute, the Commissioners of the Land Office are entitled to recover possession of the lot in question.

Appellant does not contend that he paid or offered to pay to the Commissioners of the Land Office the payments due the state on the lot. His sole contention is that his title under the tax deed is superior to the title of the state. This proposition cannot be sustained, for the reason that the statute otherwise provides.

The assignment that plaintiff's petition is insufficient to state a cause of action is without merit.

The judgment should be affirmed.

TEEHEE, HALL, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.