### HAMMOND v. STATE ex rel. COM'RS of LAND OFFICE.

No. 20121. Opinion Filed June 16, 1931.

Rehearing Denied July 28, 1931.

P. G. Fullerton, for plaintiff in error.

George E. Merritt, for defendant in error.

HEFNER, J. The northwest quarter of section 13, township one south, range 14 west, in Comanche county, being a part of the land granted to the state under the Enabling Act, for the aid of higher education, was, on the 29th day of February, 1916, sold by the Commissioners of the Land Office to Robert B. Davis. A certificate of purchase providing for the deferred payments as authorized by section 9342, C. O. S. 1921, was issued to Davis, the purchaser, by the Land Office. Davis failed to pay the taxes assessed against the land and also defaulted on his payment to the Land Office. The land was sold by the county for taxes and a certificate of purchase issued to F. W. Hammond. Thereafter the Commissioners of the Land Office canceled the certificate of purchase issued to Davis because of the failure on his part to meet the payments. The tax authorities of Comanche county were notified of this action. Hammond, the holder of the certificate, then applied to the county treasurer for a tax deed after having served notice on the Commissioners of the Land Office. Action was then brought by the state of Oklahoma on relation of the Commissioners of the Land Office against F. W. Hammond and the county treasurer to enjoin the issuance of a tax deed.

Hammond filed his answer, in which he alleged generally that he was entitled to a tax deed under the general revenue laws of the state; that he had paid the taxes and received a certificate from the county clerk, and admits that the land in question was a part of the land granted to the state of Oklahoma under the Enabling Act for school purposes and that the purchaser defaulted in his payments to the state.

The court sustained a demurrer to the answer. Defendants declined to plead further, and on the 31st day of March, 1928, judgment was entered enjoining the issuance of a deed. No appeal was taken from this judgment. On the 30th day of April, 1928, defendant Hammond filed his motion to vacate the judgment on the ground that the same was void. The motion was denied, and he appeals from the judgment denying his motion to vacate.

It is contended that the judgment is void for the reason that the petition for injunction stated no cause of action whatever. In support of this contention defendant argues that it was the duty of the county treasurer to issue the deed under the general revenue and tax laws of the state, and that a judgment enjoining him from performing this duty is void. This contention has been decided adversely to him in the case of Clark v. Board of Com'rs of Cimarron County, 143 Okla. 18, 285 Pac. 127. It is there held:

"The purchaser, at a tax sale of state school land sold by the Commissioners of the Land Office on deferred payments evidenced by note and certificate of sale, is not entitled to the issuance of a tax deed to the land, and the issuance of a tax deed therefor is prohibited. His right is to be substituted in the place of the holder and owner of the certificate of sale as the assignee thereof."

See, also, Fullerton v. State ex rel. Com'rs

of Land Office, 140 Okla. 122, 282 Pac. 674. Under these authorities, the defendant was not entitled to a tax deed. Section 9321, C. O. S. 1921, expressly so provides. Thereunder, a purchaser at a tax sale of school land is substituted in the place of the holder of the certificate and cannot obtain title without paying to the state the deferred payments. The petition stated a cause of action and the judgment is not void for want of sufficient pleading.

It is further contended that the judgment is void for the reason that plaintiff had an adequate remedy at law and could not, therefore, proceed in equity to obtain an injunction. We do not agree with this contention. There was no authority in the county treasurer to issue a tax deed. He was expressly prohibited from so doing by section 9321, supra. Under the allegations of the petition he was threatening to and was about to issue the deed. In our opinion the state was entitled to an injunction to prevent this unauthorized procedure. The judgment, however, would not be void even though defendant's contention in this respect were correct.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.