### TONINI v. BOARD OF COM'RS OF COMANCHE COUNTY.

No. 20275. Opinion Filed July 14, 1931.

Stevens & Cline, for plaintiff in error.

John W. Tyree, Co. Atty., and W. T. Dixon, Asst. Co. Atty., for defendant in error.

HEFNER, J. This is an action brought in the district court of Comanche county by O. H. Tonini against the board of county commissioners of that county to recover money paid for the purchase of a tax sale certificate. For authority to maintain the action, plaintiff relies on section 9739, C. O. S. 1921, as amended by chapter 30, Session Laws 1925.

He contends that the tax sale certificate is illegal for the reason that the land sold for taxes was still school land and not subject to taxation. The trial court sustained a demurrer to the petition, and dismissed his cause of action.

The land, sold for taxes, was a part of the land granted to the state for school purposes. It was sold to Robert B. Davis, and a certificate of purchase which provided for deferred payments as authorized by law was issued to him by the Commissioners of the Land Office. He thereafter defaulted in the payment of the taxes and the land was sold for taxes by the county. Plaintiff paid the taxes and a certificate of sale was issued to him. Davis thereafter defaulted in his deferred payments to the state. The Commissioners of the Land Office thereafter canceled his certificate of purchase. Plaintiff then brought this action to recover the amount paid for the tax sale certificate on the theory that the land was not taxable, and that the sale for taxes was illegal.

Upon sale of the land by the Commissioners of the Land Office, it immediately became taxable under sections 9321 and 9322, C. O. S. 1921. A purchaser at the tax sale, however, could not obtain a tax deed. He was only substituted in the place of the holder and owner of the original certificate of purchase. Clark v. Board of Com'rs of Cimarron County, 143 Okla. 18, 285 Pac. 127. Fullerton v. State ex rel. Com'rs of Land Office, 140 Okla. 122, 282 Pac. 674. Hammond v. State ex rel. Com'rs of Land Office, 151 Okla. ___, 300 Pac. 396.

Plaintiff's remedy, after he procured the tax sale certificate, was to pay the deferred payments to the state, and in that manner perfect his title. The land was subject to taxation. The tax sale was not illegal. Plaintiff is therefore not entitled to recover.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and

SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.