Repealer Clauses — Appropriation Bills The law of the State of Oklahoma makes no requirement that a bill include a general repealer clause and that such clause is unnecessary. In order for a prior appropriation bill to be repealed, an irreconcilable conflict would have to exist between the earlier and later bills, or the earlier bill would have to have been specifically repealed by the later bill. The Attorney General has received your letter dated January 28, 1969, wherein you ask: "1. Some appropriation bills carry a clause repealing all statutes in conflict therewith, and some bills do not carry a repealer clause. Will you advise as to the types of bills in which the clause is required, and why, and advise as to those not needing the same, and why ? "2. Would the repealer clause in any appropriation bill have the effect of nullifying any unused appropriations from previous fiscal years covering the same subject matter, department or agency?" In answer to your first question, the law of the State of Oklahoma places no requirement upon the legislature to include a general repealer clause in any act passed by it. If it is the desire of the legislature to repeal a particular prior law, it would appear the thing to do would be to expressly repeal it. The general rule regarding the effect of the general repealer clause is found at 82 C.J.S. (Statutes), Section 285, which reads in part as follows: ". . . . Instead of carefully scrutinizing the existing statutes and specifying in terms which are repealed, it is a common practice for the legislature, in enacting a statute, to insert a clause that all laws and parts of laws in conflict, or all acts and parts of acts inconsistent, with the statute are repealed; and such a provision indicates a legislative intent and undertaking to repeal some statutory provision, but it leaves open the question of what acts are inconsistent, and frequently it leaves the question of repeal in doubt. Although in a measure such a repealing clause has the form of an express repeal, and in some jurisdictions it is held to be, or is referred to as, an express repeal, in legal effect it adds nothing to the repealing effect of the act of which it is a part, since, . . . without such provision, all prior conflicting laws or parts of laws would be repealed by implication, and, according to some authorities, it is an implied, rather than an express or direct, repeal. . . ." The Supreme Court of the State of Oklahoma in the second paragraph of the syllabus in Standard Company Dairy v. Allen, et al., Okl.,108 P.2d 194, (1940), stated: "2. Where the title of an act of the Legislature includes the subject, `Repealing all laws or parts of laws in conflict with this act', and the act itself contains the provision: `All laws or parts of laws in conflict herewith are hereby repealed', and comprehensive legislation is disclosed by title and text providing authority for entering awards by individual commissioners, such legislative enactment operates as a repeal of prior laws insofar as they are in conflict with any provision in the later act." It is clear from the above citations that the use of a general repealer clause in a later bill leaves question of the repeal of a prior statute, or any part thereof, a matter of construction. In State ex rel Power, et al. v. Wenner, County Treasurer,121 Okl. 190, 249 P. 408, (1926), the Supreme Court in the second paragraph of the syllabus stated in part as follows: ". . . Repeals by implication are not favored, and, in construing separate enactments of the Legislature, that conclusion as to their intent must be reached if possible, so as to give effect to each provision, and an earlier statute will not be held to be repealed by a later one by implication, unless the conflict between the two is irreconcilable. . . ." The common law rules of construction are the same when applied to general repealer clauses and repeals by implication. In each instance, an irreconcilable conflict must exist before the later statute in point of time will prevail. It is, therefore, the opinion of the Attorney General, in answer to your first question, that the law of the State of Oklahoma makes no requirement that a bill include a general repealer clause and that such clause is unnecessary. In answer to your second question, it should be noted that appropriation bills provide funds for a specific period, such as a particular fiscal year. Appropriation bills passed at a later time involve generally a different period of time, and, therefore, are not in conflict with the prior appropriation bill. If a prior appropriation bill is to be repealed, an irreconcilable conflict would have to exist between the earlier and later bills, or the earlier bill would have to have been specifically repealed by the later bill. It is therefore, the opinion of the Attorney General, in answer to your second question, that in order for a prior appropriation bill to be repealed, an irreconcilable conflict would have to exist between the earlier and later bills, or the earlier bill would have to have been specifically repealed by the later bill. (W. Howard O'Bryan Jr.)