OKLAHOMA TAX COMMISSION — STATE INSURANCE FUND — OKLAHOMA TEACHERS RETIREMENT SYSTEM — DEPOSIT OF MONIES Commencing July 1, 1973, the Oklahoma Tax Commission may not maintain bank accounts under the provisions of 68 O.S. 1022 [68-1022] (1971), but rather must deposit all monies received by it in State Treasury funds or accounts under the provisions of Senate Bill 115, First Session of the Thirty-fourth Oklahoma Legislature. Senate Bill 115 does not conflict with or repeal the remaining provisions of 68 O.S. 1022 [68-1022] (1971) which provides for the crediting of interest or income to the Oklahoma Tax Commission on accounts maintained on its behalf by the State Treasurer. In addition, all monies received by the State Insurance Fund and the Teachers Retirement System are to be deposited in State Treasury funds or accounts. Senate Bill 115 does not conflict with or repeal the investment authority granted by the Legislature to the State Insurance Fund and the Teachers Retirement System which conferred upon these agencies the power and authority to make deposits, under prescribed statutory procedures, for investment purposes and to be credited with the interest or income received on the investments. This will acknowledge receipt of your letter wherein you call our attention to possible conflicts arising between the provisions of Senate Bill No. 115, First Session of the Thirty-fourth Oklahoma Legislature, and the statutes governing the crediting of interest earned on accounts maintained by the Oklahoma Tax Commission, the State Insurance Fund, and the Oklahoma Teachers Retirement System. In regard to these possibly conflicting statutory provisions, you ask the following questions: "1. May the Oklahoma Tax Commission, after June 30, 1973, maintain a bank account as provided by 68 O.S. 1022 [68-1022] (1971)? "2. If the first question is answered in the negative, may the State Treasurer make such deposits for and on behalf of the Oklahoma Tax Commission, in order to carry out the balance of the provisions of Section 1022? "3. Do the basic principles enumerated in Questions 1 and 2 apply as well to the agency bank deposits currently maintained, in their own names, by the State Insurance Fund and the Oklahoma Teachers Retirement System?" In your letter you make specific reference to Section 17D of Senate Bill No. 115, which provides as follows: "D. The State Treasurer is authorized to accept deposit of monies directly to agency special accounts approved by the Board. All monies received by a state agency, as described in Section 7.1 of Title 62, (62 O.S. 7.1 [62-7.1]) Oklahoma Statutes, shall be deposited in State Treasury funds or accounts and no monies shall be deposited in banks or other depositories unless the said bank accounts are maintained by the State Treasurer or are for the deposit of authorized petty cash funds." You also point out in your letter that Senate Bill No. 115 contains a general repealing clause in Section 19 thereof, in addition to amending 62 O.S. 1971 7.1 [62-7.1], and in addition to specifically repealing enumerated statutes. A possible conflict arises between the general provision of Senate Bill No. 115 and earlier specific provisions of statutes dealing with the question of how and to whom credit is to be given for interest earned on accounts maintained by several state agencies such as the Oklahoma Tax Commission, the State Insurance Fund and the Oklahoma Teachers Retirement System. Title 68 O.S. 1022 [68-1022] (1971) specifically provides to whom interest is to be credited for the interest earned on bank accounts maintained by the Oklahoma Tax Commission. That statutory provision, provides in part, as follows: " (a) At least once each month the Tax Commission shall deposit such collections in a special account in a bank or banks approved as a depository for monies of the State of Oklahoma. Each bank in which such monies are deposited shall credit the account at the end of each calendar quarter with the highest rate of interest then being paid by such bank for deposited monies of the State of Oklahoma, calculated on the total daily average balance on deposit during such calendar quarter." Section 68 O.S. 1022 [68-1022] of Title 68 relates to the conditional increases in the value of natural gas, and how the tax levied thereon is to be handled and distributed. As to your first question concerning whether the Oklahoma Tax Commission, after June 30, 1973, may maintain a bank account as provided by 68 O.S. 1022 [68-1022] (1971), it must be reasonably concluded that an absolute incompatibility exists between the provisions of Section 1022, which allows the Oklahoma Tax Commission to maintain its own bank accounts, and the provisions of Section 17D of Senate Bill No. 115, which provides that all monies received by a state agency shall be deposited in State Treasury funds or accounts and that no money shall be deposited in banks or other depositories unless the bank accounts are maintained by the State Treasurer. Although there is no express repeal of 68 O.S. 1022 [68-1022] (1971), based upon the absolute incompatibility between its provisions, concerning the maintenance of separate bank accounts by the Oklahoma Tax Commission, and the provisions of Section 17D Senate Bill No. 115, providing that no monies shall be deposited in banks or other depositories unless the bank accounts are maintained by the State Treasurer, it must reasonably be concluded that the absolute incompatibility between the two provisions would cause the conflicting portions of the earlier statute (68 O.S. 1022 [68-1022] (1971)) to be effectively repealed by the general repealer contained in Section 19 of Senate Bill No. 115 which provides in part: ". . . and all laws or parts of law in conflict herewith are hereby repealed." In the case of Smith v. Southwestern Bell Telephone Company, 349 P.2d 646 (Okl. 1960), the Oklahoma Supreme Court, citing from an earlier case, adopted the following rule of construction: "Where there are two statutes on the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general." Based upon the absolute incompatibility between the provisions of 68 O.S. 1022 [68-1022] (1971) allowing the maintenance of a special bank account by the Oklahoma Tax Commission, and the provisions of Section 17D of Senate Bill No. 115 prohibiting the deposit of monies in banks or other depositories unless the bank accounts are maintained by the State Treasurer, and based upon the rule of construction as adopted by the Supreme Court in the case of Smith v. Southwestern Bell Telephone Company, supra, it is concluded that the answer to your first question be in the negative. That is to say, that the Oklahoma Tax Commission, after June 30, 1973, may not maintain a bank account under the provisions of 68 O.S. 1022 [68-1022] (1971). Your second question is whether the State Treasurer may make deposits for and on behalf of the Oklahoma Tax Commission, in order to carry out the balance of the provisions of Section 1022 in the event the Oklahoma Tax Commission may not maintain its own bank account. The answer to this question would seem to be determined by whether the general repealer clause contained in Section 19 of Senate Bill No. 115 is sufficient to repeal the remaining provisions of 68 O.S. 1022 [68-1022] (1971) which provide for how and to whom interest is to be credited on that interest earned on deposits. From an overall reading of Senate Bill No. 115 it appears that the broad purpose was to bring back into the office of the Treasurer all accounts maintained by state agencies, with provisions for exceptions to be allowed. Prior to the enactment of Senate Bill No. 115, many state agencies maintained special bank accounts outside of the official depository, and thus outside the total budgetary picture of state income and expenditures. It does not appear to be the purpose of Senate Bill No. 115 to deny to state agencies the right to be credited with the interest earned on the accounts maintained on their behalf, where that right has been conferred upon them by earlier specific statutes. Senate Bill No. 115 does not contain any express provisions which would mitigate against the state agencies still receiving interest on accounts maintained on their behalf where earlier specific statutes conferred upon the agencies the right to be credited with the interest earned on those accounts. For example, 68 O.S. 1022 [68-1022](a) (1971) provides in part as follows: ". . . Each bank in which such monies are deposited shall credit the account at the end of each calendar quarter with the highest rate of interest then being paid by such bank for deposited monies of the State of Oklahoma, calculated on the total daily average balance on deposit during such calendar quarter." In the body of the opinion in the case of State ex rel Hamilton v. Taylor, 68 Okl. 38, 171 P. 452, the Oklahoma Supreme Court stated that it is a well settled rule that where two acts, or parts of acts, are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to a construction which leads to the conclusion that there is a conflict. In the second paragraph of the syllabus therein the Oklahoma Supreme Court held: "Since repeals by implication are not favored, statutes must be construed so as to give effect, if possible, to each section, and an earlier statute will not be held to have been repealed by a later one, unless the apparent conflict between the two is irreconcilable." See also In re Application of State to Issue Bonds to Fund Indebtedness, 33 Okl. 797, 127 P. 1065 and Wagoner v. Swan, 162 Okl. 95, 19 P.2d 555. Based upon the conclusion that there is no absolute incompatibility between the provisions of Senate Bill No. 115 and the provisions of 68 O.S. 1022 [68-1022] (1971) insofar as Section 1022 confers upon the Oklahoma Tax Commission the right to be credited with interest earned on accounts maintained on its behalf, and based upon the conclusion that the parts of the two acts are reasonably susceptible of a construction that will give effect to both without doing violence to either, it is concluded that there is no conflict between the two statutory provisions, and that the earlier statute, 68 O.S. 1022 [68-1022], insofar as it confers upon the Oklahoma Tax Commission the right to be credited with interest earned on accounts maintained on its behalf, is not repealed by the later enactment of Senate Bill No. 115 which has no express provisions which create an irreconcilable conflict. Your third question deals with whether the basic principles enumerated in questions 1 and 2 apply as well to the agency bank deposits currently maintained, in their own names, by the State Insurance Fund and the Oklahoma Teachers Retirement System. The State Insurance Fund is governed by 85 O.S. 131 [85-131] — 85 O.S. 151 [85-151] (1971). Prior to the enactment of Senate Bill 115, the State Treasurer was designated by statute as the custodian of all monies and securities belonging to the State Insurance Fund and all monies collected or received by officers or employees of the Fund were to be delivered to the State Treasurer, and no monies belonging to the Fund were to be expended or paid out of the Fund without first passing into the State Treasury and being drawn therefrom as provided for in the State Insurance Fund Act. See: 85 O.S. 135 [85-135] (1971). Therefore, the requirement of Senate Bill 115 that all monies received by a state agency be deposited in State Treasury funds or accounts does not conflict with the earlier statutory provisions governing the maintenance of accounts by the State Insurance Fund, and no conflict or question arises in that regard. Under the authority of the provisions contained in 85 O.S. 138 [85-138] (1971), the Commissioner and the Board of Managers of the State Insurance Fund had statutory authority to make designated types of investments, which included the investment authority to deposit in state or national banks or trust companies any of the surplus or reserve fund belonging to the State Insurance Fund upon insured time deposit. Senate Bill 115 does not contain any provisions which conflict, or expressly repeal, this investment authority conferred upon the State Insurance Fund by the provisions of 85 O.S. 138 [85-138] (1971). The Teachers Retirement System is governed by 70 O.S. 17-101 [70-17-101] through 70 O.S. 17-119 [70-17-119] (1971). Prior to the enactment of Senate Bill 115, the State Treasurer was designated by the provisions of 70 O.S. 17-107 [70-17-107] (1971), to be the custodian of the several funds of the State Insurance Fund, and all payments made from the funds were to be made by him upon vouchers signed by two persons designated by the Board of Trustees. Therefore, the requirement of Senate Bill 115 that all monies received by a state agency be deposited in State Treasury funds or accounts does not conflict with the earlier statutory provisions governing the maintenance of accounts by the Teachers Retirement System contained in 70 O.S. 17-107 [70-17-107] (1971). Under the provisions of 70 O.S. 17-107 [70-17-107] (1971) the Legislature granted to the Board of Trustees of the Teachers Retirement System the "full power to invest" the several funds created by the Act, which included the power to invest up to ninety percent in savings accounts, under certificates of deposit, or in any other form in solvent banks or trust companies in Oklahoma insured by the Federal Deposit Insurance Corporation and which had been approved as depositories by the State Depository Board. Senate Bill 115 does not contain any provisions which conflict with, or expressly repeal, this investment authority conferred upon the Teachers Retirement System by the Legislature under the provisions of 70 O.S. 17-107 [70-17-107] (1971). It is the opinion of the Attorney General that your questions be answered in the following manner. Commencing July 1, 1973, the Oklahoma Tax Commission may not maintain bank accounts under the provisions of 68 O.S. 1022 [68-1022] (1971), but rather must deposit all monies received by it in State Treasury funds or accounts under the provisions of Senate Bill 115, First Session of the Thirty-fourth Oklahoma Legislature. Senate Bill 115 does not conflict with or repeal the remaining provisions of 68 O.S. 1022 [68-1022] (1971) which provides for the crediting of interest or income to the Oklahoma Tax Commission on accounts maintained on its behalf by the State Treasurer. In addition, all monies received by the State Insurance Fund and the Teachers Retirement System are to be deposited in State Treasury funds or accounts. Senate Bill 115 does not conflict with or repeal the investment authority granted by the Legislature to the State Insurance Fund and the Teachers Retirement System which conferred upon these agencies the power and authority to make deposits, under prescribed statutory procedures, for investment purposes and to be credited with the interest or income received on the investments. (Odie A. Nance)